## SUPERIOR COURT OF CINCINNATI

### No. 506

EDMUND LUTHY, Admr., v. P. C. C. & ST. L. R. CO.

Superior Court of Cincinnati

No. 58663

NEGLIGENCE—(1) Train conductor's riding on engine foot-board—(2) Killed in head-on collision —a jury question—(3) Verdict for defendant that conductor's negligence was a proximate cause contributing to his death, held contrary to weight of evidence—(4) Conductor's negligence in so riding did not change his status, so as to relieve railroad from using ordinary care.　　　4

Opinion setting aside verdict and granting a new trial. Official syllabus, as follows:

MARX, J.:

1. The violation by a train conductor of a rule against riding on the front foot-board of the engine is negligence as a matter of law.

2. Whether such negligence is a proximate cause contributing to the death of a conductor who is killed by the negligence of a railroad by whom he is not employed, in running its train head-on into the engine of the railroad by whom he is employed and on the front foot-board of which he is riding, is a question for the jury to determine in a suit between the representatives of such deceased conductor and the negligent railroad.

3. When the facts of such a case show that the conductor would not have been killed or injured except for the negligence of the defendant railroad in running its train into the front of the engine upon which the conductor was riding and that his presence on the front foot-board did not contribute to the cause of his death, it is held that a verdict for the defendant based upon the finding that the negligence of the conductor in violating a rule against riding on the front foot-board was a proximate cause contributing to his death, is contrary to the weight of the evidence.

4. The negligence of the conductor in violating a rule against riding on the front foot baord of the engine of the train upon which he was employed and of which he had charge, did not change the status of such conductor from that of an employee to that of a mere trespasser so as to relieve the defendant railroad by whom he was not employed from the duty of exercising ordinary care with respect to the employees of other railroads lawfully using the tracks and yards of the defendant railroad.

Attorneys—Lewis F. Brown and Thomas A. Slattery, for plaintiff; Maxwell & Ramsey and George B. Moorman, for defendant.

### No. 507

SCHICK v. ULLAND

Superior Court of Cincinnati.
No. 58709

DEED—(1) Covenant against incumbrances broken by existence of a lien—(2) Recovery of nominal damages only—(3) Street assessment lien—Assumed as part of purchase price—Recovery of— (4) Payment of by covenantor subrogation of.

MARX, J.:

Syllabus By the Court

1. A covenant against incumbrances is broken at the time of the delivery of a deed containing such covenant, if the property described therein is subject to the lien of a street assessment.

2. The general rule is that the covenantee cannot recover more than nominal damages upon the breach of a covenant against incumbrances without removing or extinguishing the incumbrances or proving that the incumbrance substantially interferes with the use and enjoyment of the property.

3. Where property conveyed free from incumbrances is in fact incumbered, by the lien of a street assessment payable in ten (10) annual installments, of which only the first installment has been paid, but the covenantee conveyed such land to a purchaser who expressly assumed to pay such assessment as part of the purchase price, such agreement will be considered as a covenant to extinguish the incumbrance and the covenantee having reduced the purchase price by the amount of such assessment may recover the same as damages against the covenantor.

4. In such a case if the covenantor, having paid the amount of such assessment to his covenantee as damages for breach of his covenant against incumbrances, is required by the city to pay any unpaid installments of such assessment by virtue of his personal liability under the statute, he may be relieved from the consequences of such double liability by an equitable action of subrogation, and upon payment of such assessment, will be subrogated to the city's lien upon the land.

### No. 508

## COMMON PLEAS COURTS

IPSARO v. MATERIAL DRIVERS' UNION
Common Pleas Court Cuyahoga County
Decided May 9, 1923

This opinion has not been published except in Abstract.

INJUNCTION—(1) Right of non-union labor to an injunction against Union for interference.

THOMAS, J.

Epitomized Opinion

This action was brought by one Ipsaro for an injunction against the Material Drivers' Union of Cleveland. The complainant alleged that he was a non-union man and that he operated a truck for a living. He further claimed that after a strike was called by the Cleveland drivers he paid a walking delegate $12.50 for a permit to haul material between May 1 and May 15. He also claimed that he had been threatened and intimidated and asked that the Union members be restrained from intrfering with the non-union men. In granting the injunction, James S. Thomas of Portsmouth, Ohio, held:

1. That the member of the Labor Union must be restrained from interfering with the non-union men in the performance of their duties.