**CHEERHART CLEANERS, INC., Plaintiff-Appellant, v.
TINSLEY et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2112.    Decided August 17, 1950.

Joseph W. Sharts, Harold H. Singer & Robert McConnaughey,
Dayton, for plaintiff-appellant.

Robert C. Knee, Fred M. Keer, Dayton, for defendants-ap-
pellees.

## OPINION

By THE COURT:

This proceeding involves two appeals on questions of law
from the judgment of the Common Pleas Court of Mont-
gomery County, Ohio, in an action involving a labor dispute
in Case No. 101535.

On December 8, 1949, the plaintiff-appellant filed its peti-
tion against the Laundry Workers International Union, et al.,
alleging a labor dispute and charging the defendants with

certain unlawful acts in regard thereto. The plaintiff prayed for a temporary and permanent injunction.

On December 10, 1949, the parties appeared in open court by their respective counsel and, thereupon, a consent decree granting a permanent injunction was entered. The decree enjoined acts which would consist of illegal picketing and provided that not more than two persons at any one time should picket the places of business of the plaintiff. The plaintiff continued to operate its business and the picketing continued for a period of several months.

On April 10, 1950 Jack Lynn, Alice Clark and Louise Dixon, for themselves and on behalf of all other employees of the plaintiff, moved to be made parties to the action and for leave of court to file their intervening cross-petition, which was proffered, on the ground that they had a material interest in the action. On May 5, 1950, this motion was overruled and from this order an appeal was taken.

On April 29, 1950, the plaintiff filed a contempt charge against the Laundry Workers International Union, Local Union No. 248, and seven individuals alleging violation of the former injunctive order. On the same date the plaintiff filed a motion to modify the former order. On these two matters the court heard testimony given by thirty-two witnesses. The court modified the former order by reducing the number of pickets from two to one. The court found that the evidence was insufficient to show that those charged with contempt were responsible for the three episodes of violence; starting a fire at one place of business, puncturing oil tanks, and smashing windows in several places of business of the plaintiff. The court found that while there had been minor violations of the order, it was unable to determine under the evidence whether any of the persons charged were guilty of such violations. The court found all the defendants not guilty. From this judgment an appeal was taken.

The issue presented to the trial court was largely a factual one. We agree with the judgment of the trial court that the evidence was insufficient to connect the defendants with the three major acts of violence. There was a definite conflict in the testimony. After carefully considering all of the evidence, we cannot say that the judgment of the trial court was against the manifest weight of the evidence.

The plaintiff contends that there was no bona fide labor dispute and that the picketing was illegal. The pleadings and the evidence do not support this contention. In its petition the plaintiff alleged that a strike was in progress and named as parties defendant twenty-three persons whom it alleged

**358**

were employees of the plaintiff and were members of the defendant union. The consent decree recites that the plaintiff alleged the existence of a labor dispute.

The court very properly overruled. the motion of Jack Lynn, et al., to be made parties to this action. The motion was filed on April 10, 1950. They were not necessary parties to the action; neither is their interest adverse to the plaintiff. **Sec. 11255 GC.** Moreover, the action was completely adjudicated. While proceedings in contempt and for modification of the injunctive order could be filed, the remedy sought by plaintiff was granted. Furthermore, the action in Case No. 102043 (Court of Appeals No. 2115) was legally commenced in the same court on March 31, 1950. Reference is made to the case of Lynn, et al. v. Laundry Workers International Union, Court of Appeals Case No. 2115, decided by this Court on this same date.

In our opinion the errors. assigned are not supported. Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.