## LYNN et, Plaintiffs-Appellants, v. LAUNDRY WORKERS INTERNATIONAL UNION et, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 2115.   Decided August 17, 1950.

Joseph W. Sharts, Harold H. Singer, Dayton, for plaintiffs-appellants.

Robert C. Knee and Fred M. Kerr, Dayton, for defendants-appellees.

### OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, Ohio, dismissing the petition of the plaintiffs in Case No. 102043.

This case is related to the case of Cheerhart Cleaners, Inc.

v. Tinsley, et al., Court of Appeals Case No. 2112 **60 Abs 356** (Common Pleas Court Case No. 101535) and decided this same date.

On March 31, 1950, Jack Lynn, Alice Clark and Louise Dixon, for themselves and on behalf of others, who they alleged have a common interest with themselves as employees of the Cheerhart Cleaners, Inc., filed their petition setting forth in substance the same allegations made by the plaintiff in its petition in Case No. 101535, and in addition, alleged that there is no bona fide labor dispute in existence; that the pickets curse and call said plaintiffs "scabs," using vile and abusive language; that the purpose of such acts is to humiliate, annoy, disturb and coerce the plaintiffs; that said acts are a constant interference and nuisance to the plaintiffs in their employment, and subjects them daily to great hardship, interference and intimidation. It is further alleged that the Union is not a bona fide Labor Union for benefit of employees, but is a racket and conspiracy to extort by terroristic methods sums of money out of employees' wages for the benefit of the officials of the Union. Plaintiffs pray for a temporary and permanent injunction against picketing the places of business of the Cheerhart Cleaners, Inc., and against further intimidation, annoyance, interference, name-calling and insults under pretense that a strike is in progress. The petition also alleged the filing of the action by Cheerhart Cleaners, Inc. (Common Pleas Case No. 101535), the entering of a consent decree, the substance of said decree, and that the order had been violated by the Laundry Workers International Union, Local Union No. 248, Ted Williams, Ed Kelly and Harold Waechter, as individuals and as representatives of said Union.

The defendants moved for an order to strike the petition from the files. The court treated the motion as a demurrer and sustained the same.

A motion to strike from the files may be treated as a demurrer. **Halliday v. Public Utilities Commission, 118 Oh St 269, 160 N. E. 713; Zajachuck v. Battery Company, 106 Oh St 538, 140 N. E. 405; Vol. 31 O. Jur. pp. 677, 853.**

The plaintiffs electing not to plead further, the action was dismissed and from this order an appeal was taken.

The court sustained the demurrer "on the ground that the application herein is a collateral attack upon a former judgment of this court in Case No. 101535 in which the same parties were parties by caption or by reference, and that all the relief asked for in this petition could be obtained if justified by proof, by contempt proceedings and by an application for modification of the former order in the former case."

In our opinion this action is not a collateral attack on the

judgment in Case No. 101535. To require the plaintiffs herein to rely on contempt proceedings in the other action would operate to deny them their remedy which the facts alleged would justify. Furthermore, the record does not disclose that the plaintiffs in this action were parties to the other suit by name or by reference. In Case No. 101535 the only party plaintiff was Cheerhart Cleaners, Inc. Twenty-three employees of the company were named defendants; the three named plaintiffs in this action were not included. Members of the Union in the other action were made defendants by representation but nowhere is it disclosed in this proceeding that the plaintiffs in this action were members of the Union or embraced in that class of Union members made parties defendant by representation. On the other hand, in this action the plaintiffs alleged that they would not join the Union and object to being coerced to do so or lose their employment.

The appellees herein contended that the rights of the plaintiffs were identical with those of their employer, the Cheerhart Cleaners, Inc.; that the issues involved were being litigated in the other action; that no relief is sought in this action which was not sought or could not be granted in Case No. 101535. Conceding that there is some merit in this contention, this action is not between the same parties; also, different facts are alleged.

Furthermore, on demurrer all facts well pleaded are accepted as true. The question at issue is presented and must be decided on the pleadings. The petition in its essential allegations states a good cause of action. Non-union or non-striking employees may enjoin a labor union from interfering with the non-union or non-striking employees in the performance of their duties. See **Ipsaro v. Material Drivers' Union, 1 Abs 490.**

In our opinion the motion to strike the petition from the files should have been overruled. In dismissing the petition the court committed error prejudicial to the rights of the plaintiffs.

Judgment reversed and cause remanded for further proceedings according to law.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.