Allen, J.
 

 As the parties stand in this court in the same relation as they did in the trial court, the plaintiff in error will be called the plaintiff and the defendant in error the defendant throughout this, opinion.
 

 This was an action brought by the plaintiff to recover damages arising from injuries to an automobile owned by him sustained in a collision between the automobile and a horse upon the public highway. The case made by the petition is that, while the plaintiff’s machino was being driven by his son along a public highway in the nighttime, a horse, which, owing to the negligence of its owner, the defendant, was. loose within the limits of the highway, jumped into the automobile, causing the machine to be ditched and damaged. The petition avers that this occurred while the son was driving the automobile in a lawful manner, without any negligence on his part, and avers that the negligence of the defendant consisted in turning the horse out into a field adjacent to the highway, which was a main market road running from Fostoria, Ohio, to Bettsville, Ohio, with no sufficient fence between the highway and the field to prevent the horse from wandering onto the highway.
 

 The defendant answered, denying all acts of negligence, and averring that the plaintiff’s son was driving the machine at the time of the accident at a .very high and dangerous rate of speed, and that the negligence of the son was the sole cause of the injury to the automobile. The defendant also filed a counterclaim for damages to the horse.
 
 *487
 
 While the petition states that the horse jumped into the machine, the evidence tends to show that the horse suddenly leaped in front of the machine, and that, as claimed by the plaintiff, the machine was so close to the horse at the time that it was impossible, by the exercise of any skill, to avoid the collision.
 

 On motion of the defendant the jury returned a verdict for the defendant by direction of the court. Thereupon the defendant withdrew his counterclaim for damages to his horse, and judgment was entered on the verdict in favor of the defendant. The Court of Appeals affirmed this judgment.
 

 We have examined the record in the case and learn therefrom that there was substantial evidence tending to prove the allegations of the plaintiff’s petition with respect to the defective fence. Photographs are attached to the bill of exceptions showing the defective condition of the fence, and a witness who lived nearby testified to its defective condition for a considerable period of time previous to the accident. Evidence was also given tending to show that the machine was being driven in a lawful manner at the time of the accident by the son of the plaintiff. There is also substantial evidence in the record tending to sustain the claims of the defendant that the automobile was being driven in an unlawful manner, that is to say, at a high and dangerous rate of speed, when the accident occurred, and that, had the car then been driven at a reasonable rate of speed, the accident might have been averted. The claim of the plaintiffs is that the trial court erred in directing a verdict, and that
 
 *488
 
 the Court of Appeals erred in affirming this judgment.
 

 The action of both courts was based on a decision in
 
 Marsh
 
 v.
 
 Kooms,
 
 78 Ohio St., 68, 84 N. E., 599, 125 Am. St. Rep., 688, 14 Ann. Cas., 621, to which reference is made by the lower courts in disposing of the case.
 

 The
 
 Marsh case, supra,
 
 was an action to recover damages for an injury received by one who was driving a horse and buggy along a highway in the daytime, when the horse became unmanageable and ran away, throwing the driver in the ditch. The accident was alleged to have been caused by the defendant’s cow, which was lying across the highway just at the time when the horse was being driven past. The horse was driven close to the head of the cow, which suddenly got up from the road,' whereupon the horse ran away. Judge Summers, who rendered the opinion in the
 
 Marsh case, supra,
 
 said that the circuit court affirmed the judgment of the court of common pleas in favor of the defendant on the ground of contributory negligence on the part of the plaintiff. In fact, the record in that case appears to us so different from the record herein that we think the Marsh decision not to be controlling here.
 

 In the
 
 Marsh case
 
 the claimed liability of the owner of the cow was evidently predicated upon the statute (Sections 4202 and 4206, Revised Statutes). In the instant case the claimed liability was predicated, not upon the statute, but upon the negligence of the owner of the horse. However, when the lower courts held that there was no statutory duty owing to travelers upon the
 
 *489
 
 highway resting upon the landowner to construct and maintain a fence upon the line between the land and the public highway, they disposed of the action upon that specific ground.
 

 But this is not an action based upon the fence law, but an action in tort, arising, as claimed, out of the negligence of the owner of livestock in permitting the same to run loose and unattended in the nighttime in a field, practically uninclosed, abutting upon a public highway. The fence laws of Ohio have little, if anything, more to do with the case than they would have if the owner of the horse had turned it directly into the highway instead of into his field that abuts upon the highway. There is no question but that it would have been evidence of negligence to show that the owner had turned his horses directly onto a much-traveled highway, unattended, in the night season. Ruling Case Law, vol. 1, p. 1094; Ingham on Animals, p. 338.
 

 The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occasioned. The principal test, as to whether the owner is or is not negligent, is whether he could or could not reasonably have anticipated the occurrence which resulted in the injury. It is a question of fact for the jury whether an owner of horses who turns them loose unattended into a field adjacent to a much-traveled highway in the nighttime, the fence of which field is in such defective condition that the horses may easily stray out onto the highway, could have anticipated that one of the horses would stray out onto the highway and collide with an automobile thereon.
 

 
 *490
 
 The owner of livestock is chargeable with knowledge of the propensities of his livestock and is bound to know that horses or cattle when placed in an inclosure where the fence is so defective that they may easily pass out of the inclosure and onto adjacent property will probably do so.
 

 It is common knowledge that many animals, including horses, easily take fright at the glare of the lights that are carried by automobiles when driven in the night season, and it is also common knowledge that when horses which are loose are thus frightened they are as apt, by reason of their fright, to run directly into the front of the automobile, or immediately across in front of it, as they are to make any other land of movement.
 

 If it be a negligent act to turn horses in the nighttime loose and unattended out into a highway much used for travel by motor vehicles that may be lawfully driven thereon alt a speed two or three times greater than horse-drawn vehicles which travel the same highway, then it is some evidence of negligence to turn horses into a field adjacent to the highway in the nighttime, if the fence be in such defective condition that the animals may easily stray out onto the highway.
 

 If domestic animals injure any person or property while wrongfully in the place where the injury was done, the owner is liable, without notice that the animal was accustomed to do wrong or mischief. Thus a person who allows his horses to be at large upon a city sidewalk is liable for damages occasioned by them, if he could reasonably have foreseen that they would cause such damage.
 
 Gary, a Minor,
 
 v.
 
 Arnold, Admx.,
 
 175 Ill. App.,
 
 *491
 

 365; Hardiman,
 
 v.
 
 Wholley, 172
 
 Mass., 411, 52 N. E., 518, 70, Am. St. Rep., 292;
 
 Healey
 
 v.
 
 Ballantine, 66
 
 N. J. Law, 339, 49 A., 511.
 

 A statute is not always required to establish the duty of ordinary care. The duty may arise from statute, or it may arise from ordinance, from contract, or from the relation of the parties. Apart from specific statute the law imposes upon every person the duty of using his own property so as not to injure his neighbor. As conditions change and modes of life alter, the duty to observe ordinary care in the use of one’s own property, while not altering in its essentials, will alter in its details. What ordinary care demands depends always upon the circumstances of the case, an important factor among which is the fact whether the injury could or could not have reasonably been anticipated from the acts done or left undone by the defendant. When the state was established it was not in general unsafe to permit domestic animals to run at large in the highway outside of the confines of municipalities, and damages from so doing could not generally be reasonably anticipated. With the growth of traffic, particularly automobile traffic, the situation is changed, but the duty to observe ordinary care remains the same. This duty in modern times requires that the owner of livestock exercise ordinary care not to let his livestock stray out onto a much-traveled highway, because under our modern traffic conditions he can reasonably anticipate that if the livestock stray onto such a highway they are apt to damage persons or property.
 

 Under the evidence in this case, as shown by
 
 *492
 
 the record, the jury might have found in favor of either plaintiff or defendant below, and the Court of Appeals might well have affirmed a judgment found in favor of either party. The error in the ease that is important was, the refusal of the trial court to submit the question of the negligence of the landowner in the care of the horses to the jury. That surely was a question of fact, and the direction of the verdict was error prejudicial to the plaintiff. For this error the judgment should be reversed and the cause remanded to the trial court for a new trial.
 

 Judgment reversed, and cause remanded.
 

 Marshall, C. J., Matthias, Day, Robinson and Kinkade, JJ., concur.