## UEBELE v. THE STATE OF OHIO.

*Criminal law—Unlawfully torturing and needlessly mutilating dogs—Section 13376, General Code—Dogs not at large and trespassers when under master's control—Dogs are at large and vagrants, when—Defendant not exempted by Section 13361 et seq., General Code—Nor because dog incidentally worried sheep while trailing rabbits—Section 5838, General Code—Conviction not reversed unless clearly and manifestly against weight of evidence.*

1. Dogs, killed or wounded by accused while trailing rabbits, at command and within call or presence of owner, though on property of defendant, *held* as matter of law not at large and not trespassers.

2. Dog is "at large" and vagrant when running at will, absolutely beyond control or call, acting on his own initiative, without connection, physical or sympathetic, with his master.

3. Defendant *held* not exempt from prosecution under Section 13376, General Code, for wounding dog, trailing rabbits on his land, and leaving it mangled and wounded, by reason of Sections 13361, 13362 and 13363, General Code.

4. Section 5838, General Code, relating to killing of dogs running at large and worrying sheep, *held* not to exempt defendant from prosecution under Section 13376 for wounding dog which only incidentally worried sheep while trailing rabbits.

5. In case decided by justice on conflicting evidence, as well as one decided by jury, court cannot reverse unless decision is clearly and manifestly against weight of evidence.

(Decided  June  4,  1926.)

ERROR:   Court of Appeals for Mahoning county.

*Messrs. Diser & Huey*, for plaintiff in error.
*Messrs. Anderson & Lamb* and *Mr. T. J. Thomas*, for defendant in error.

SULLIVAN, J. (of the Eighth Appellate District, sitting in place of POLLOCK, J.). The plaintiff in error, Uebele, was arrested and convicted before a justice of the peace under an affidavit having two counts based upon Section 13376, General Code, which provides substantially as follows:

"Whoever overworks, overdrives, overloads, tortures, deprives of necessary sustenance, unnecessarily or cruelly beats, needlessly mutilates or kills, or impounds or confines an animal and fails to supply it during such confinement with a sufficient quantity of good, wholesome food and water, or carries or conveys it in a cruel or inhuman manner or keeps cows or other animals in an inclosure without wholesome exercise and change of air, or feeds cows on food that produces impure or unwholesome milk, or abandons to die an old, maimed, sick, infirm or diseased animal or works it,   *   *   * shall be fined not less than two dollars nor more than two hundred dollars for the first offense, and for each subsequent offense such person shall be fined not less than ten dollars," etc.

The first count relates to the unlawful torturing of a certain animal, to wit, a dog, and the second to the needless mutilation. Proceedings in error were had to the court of common pleas; there the court affirmed the judgment, and proceedings in error are here from the judgment of both courts.

In short, one Hetrick, who was the owner of four beagle hounds, started with a couple of boys across Uebele's farm of about 100 acres, and soon a rabbit was trailed and killed, then a second rabbit was stirred up, and, while on the trail of that rabbit, the defendant below, Uebele, killed three

of the dogs, and, failing to kill the other, it was left mangled and wounded, and upon that circumstance of the mangled dog these two counts are framed.

It is in evidence that Uebele had some sheep on the farm, and, while the dogs were trailing the second rabbit, it appears from some of the testimony that there was confusion amongst the sheep, and that they were worried by the dogs. From other testimony in the record it appears that the dogs may have been amongst the sheep. There is a conflict in the evidence as to whether there was any actual conflict between the sheep and the dogs, whether the trouble went further than the mere worrying of the sheep incident to the dogs trailing the second rabbit. The questions whether the dogs were trespassers, and whether they were at large, legally at large, are defenses made by Uebele's able counsel, and we have given very close scrutiny to the record and have made careful examination of the law as it would apply to the record. Again there arises the question of the weight of the evidence, and whether under the rules of the criminal law, wherein the evidence must satisfy the court beyond the existence of a reasonable doubt, there appear from the evidence facts and circumstances which show that the judgment below was clearly and manifestly against the weight of the evidence. We can come to no other conclusion than that there is a conflict, one side claiming that the dogs were not at large, because at all times they were either within the call of the master and owner or some one in authority under the call of the master, or in sight of the master.

We think as a matter of law under the record that the dogs were under the control of the master. They would be under the control of the master if they were within call of the master, or in the presence of the master, because under such circumstances we think as a matter of law that they would not be at large, because they would be in the custody or under the control of the master, or some one under the master, and the authorities seem to be quite conclusive about that interpretation of the question as to whether the dogs were at large. If the dogs were not at large, they were not trespassers. Again, it seems reasonable that, if the master, the owner, was not a trespasser, the dogs were not trespassers. To hold that they were would make a trespasser of any man who enters upon another's premises with a dog, when not forbidden and without any knowledge on the part of the owner of the dog that their presence was unwelcome. It would be dangerous to hold, under circumstances and facts similar to those in the case at bar, that a man and his dog, crossing a farm for the purpose of hunting, incidentally coming on the trail of a rabbit, are trespassers, and that the dog was running at large. It is our opinion that a dog is at large when a vagrant, when it runs at will, when it is absolutely beyond control or call and is acting on its own initiative, and under circumstances where there is no connection, physical or sympathetic, between the dog and the master, and under the facts in this case, while they are conflicting, we believe that applying the rules of law applicable to reviewing courts we would not be justified in reversing the other two courts as to

the weight of the evidence, or as to the judgment being contrary to law, for the reasons and the interpretation of the law which we have just stated.

Counsel refer us to Sections 13361, 13362, 13363, and 5838, General Code, and allege that, by reason of these provisions, the defendant below was exempt under the facts from prosecution and conviction. From an examination of these statutes we do not think that they apply. Section 13361 mentions numerous animals, but does not mention a dog, and we think under all the rules of interpretation that where certain animals are named, there cannot be an addition or supplement made to a statute by naming any other animal, because that would be legislative in its character. We do not think Section 13362 applies, because it does not enlarge 13361 aforesaid so as to include a dog, except as to poisoning. As to Section 13363, after an analysis of that, we have come to the conclusion that that does not apply, for the reason that under the facts of the instant case the dogs were not at large and therefore not trespassers. That statute reads as follows:

"The next two preceding sections shall not extend to a person killing or injuring an animal mentioned therein or attempting so to do while endeavoring to prevent it from trespassing upon his inclosure, while it is so trespassing or while driving it away from his premises."

Now, if that section includes a dog, and giving it the favorable construction that it does, then from the facts that appear in the record in this case it cannot be said as a matter of law that the

dogs were trespassing. We do not think that that section applies.

As to Section 5838, it reads as follows: "A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place; and, if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals."

"A dog that chases, worries, injures or kills a sheep." That is the language and it might apply if there was some evidence tending to show that the sheep were worried by the dog, but in this statute, 5838, "worries" is a transitive verb, and as the facts in the present case show that the actions of the dogs were directed towards the rabbits, that the objects were the rabbits, it would seem to us that the statute does not apply, because under a fair interpretation of the evidence it was only an incident that the sheep were worried while the dogs were trailing the rabbits, and we think, in order to have that section apply, that the evidence would have to show that the intention, the object, the purpose, of the dog was to worry the sheep. The action should be directed towards the worrying of the sheep and not to the trailing of a rabbit. So we are of the opinion that those statutes under the record do not exempt the defendant.

The record is conflicting, and we have to apply the same rules as to the right to reverse a case where a justice decides it as we do where a jury decides it. There is a conflict, and, while we are

free to say we have our own views on this, we are
bound by the law which forbids a reviewing court
to reverse unless the verdict is clearly and mani-
festly against the weight of the evidence, applying
the principles of the criminal law.   Again, the
dogs, under the record, as before set forth, were
not "at large."

Having these views, the judgments of the lower
courts are hereby affirmed.

*Judgments affirmed.*

ROBERTS and FARR, JJ., concur in the judgment.