By the Court.
 

 The motion of the railway company to dismiss may be treated as a demurrer, not
 
 *271
 
 only to the petition, bnt to the evidence adduced in its support. The applicant relied, for relief, on Section 527 and cognate sections of the General Code.
 

 The railway company was asked to construct a switch track some 300 feet in length and to connect it with its main line, at an expe'nse to itself of about $1,200. The petitioner’s building, both at the time of filing the application and at the time of hearing, was still under construction. No business had been transacted upon the premises, nor any shipment tendered; nor was there any definite proof of the amount of future business that would be furnished to the railway company should the owner have procured tenants for her building. On the trial the testimony tended to prove that the owner had been in negotiation with prospective lessees for a lease of the building, but that their signatures could not be obtained until the switch had been constructed and connected with the railway’s main line. If the leases were executed, the amount of freight that might be tendered by the prospective lessee occupants was entirely speculative.
 

 The railway company owes a duty to a shipper, to the public, and to itself. The commission is authorized by statute to supervise the practice and regulations of railway companies and make such orders in connection therewith as it determines to be reasonable.
 

 Private negotiations between the petitioner and the railway company had been entered into, but it is claimed that these had ended in ultimate failure of agreement. Under the circumstances surrounding this transaction we are unable to see that the commission erred in dismissing the complaint of
 
 *272
 
 the petitioner, or that its action in that regard was discriminatory or unreasonable.
 

 The answer of the railway company alleged that the question at issue was pending in the court of common pleas of Cuyahoga county, where a third party had instituted suit in injunction against each of the parties to the present proceeding, and that a temporary restraining order, made by a judge thereof, was still in force and effect.
 

 In view of the conclusion reached, we do not think it necessary to decide whether the injunctive order made in the judicial proceeding precluded the petitioner from applying to the commission for relief.
 

 The order of the commission will be affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.