## NEWLAND v. THE STATE OF OHIO.

(Decided June 23, 1928.)

*Mr. L. E. Myers,* for plaintiff in error.
*Mr. A. E. Walton,* for defendant in error.

JUSTICE, J. E. E. Newland was convicted and sentenced in the court of Jay Marquerat, a justice of the peace in and for Crane township, Wyandot county, Ohio, upon a charge of hunting game birds on Sunday. The court of common pleas affirmed the

judgment, and this proceeding in error is prosecuted to reverse those judgments.

The errors assigned by counsel in his brief are, first, admission and exclusion of testimony; second, judgment contrary to law; third, judgment not sustained by sufficient evidence. Of these in their order:

Counsel for Newland does not point out in his written brief wherein the justice of the peace erred in the admission and rejection of testimony. We have, however, carefully examined the record, and, without specifically setting forth or commenting on the numerous rulings of the justice of the peace on the testimony offered, find and hold that this assignment of error is not well taken.

As to the second claimed error, judgment contrary to law. It is insisted that the justice of the peace did not have jurisdiction to try this case and pronounce the judgment in question.

Omitting the formal parts, the affidavit charges:

"That on or about the 30th day of October, 1927, in the county of Wyandot, state of Ohio, one E. E. Newland did unlawfully, purposely and wilfully pursue and hunt quadrupeds, game birds or nongame birds, and the said date being known as the Sabbath or Sunday, contrary to the General Code of Ohio."

Section 1391, General Code, in part, provides:

"Hunting or taking a wild bird * * * on Sunday is prohibited."

Section 1448, General Code, in part, provides:

"A justice of the peace * * * shall have final jurisdiction within his county in a prosecution for violation of any provision of the laws relating to the protection, preservation or propagation of birds * * *."

A mere casual reading of the affidavit and these statutes will reveal that the justice of the peace had jurisdiction in this case.

But it is maintained that Newland was entitled to a jury trial. Section 1454, General Code, so far as pertinent here, provides:

"Whoever violates any of the other provisions of this act shall be fined not less than twenty-five dollars nor more than two hundred dollars and the cost of prosecution, and upon default of payment of fine and costs assessed for any violation of this act he shall be committed to the jail of the county or to some workhouse, and there confined one day for each dollar of the fine imposed and the costs assessed."

Inasmuch as imprisonment is no part of the punishment under this section, it follows that Newland was not entitled to a trial by jury, *Inwood* v. *State,* 42 Ohio St., 186; *Hoffrichter* v. *State,* 102 Ohio St., 65, 66, 130 N. E., 157; *Cochran* v. *State,* 105 Ohio St., 541, 542, 138 N. E., 54.

Coming now to the third claimed error, judgment not sustained by sufficient evidence: There is evidence tending to prove each and all of the essential elements of fact laid in the affidavit. On some of the questions of fact there is a great conflict in the oral testimony, and well might different minds, in weighing it, reach different conclusions. Questions of fact, however, are for the triers of the fact, in the instant case, the justice of the peace. *Uebele* v. *State,* 21 Ohio App., 459, 153 N. E., 215. The justice of the peace saw the witnesses and observed their demeanor while testifying, and we ought not interfere with the judgment in this case unless we find it to be clearly and manifestly contrary to the evidence.

138

*Breese* v. *State,* 12 Ohio St., 146, 156, 80 Am. Dec., 340; *Scaccuto* v. *State,* 118 Ohio St., 397, 161 N. E., 211.

Applying the rule of law above stated to the facts presented in this case, we find no good reason for disturbing the judgment entered.

On the whole case, we are unanimously of the opinion that Newland had a fair trial.

Entertaining these views, it follows that the judgment of the lower courts should be affirmed.

*Judgment affirmed.*

CROW and HUGHES, JJ., concur.