Matthias, J.
The first question is the effect of the procedural manner in which this cause has come to this court. Plaintiff’s petition was ordered stricken from the files because she failed, according to the trial court, to make her petition definite and certain in that she did not allege in particular in what way defendant was negligent. When plaintiff elected to stand upon her petition, the court’s order followed because plaintiff refused to amend as ordered by the court. Plaintiff’s refusal to amend further was based upon the proposition that the petition, as it stood, stated in ordinary and concise language a cause of action. Hence, the court’s ruling to strike from the files had the same effect as a ruling sustaining a general demurrer. Although this method of attacking a petition has not been favorably looked upon (43 Ohio Jurisprudence [2d], 250, Pleading, Section 242), in such a situation the court must make its decision upon the pleadings as it finds them. Therefore, we will regard the motion to strike from the files as being equivalent to a general demurrer. Finch v. Finch, 10 Ohio St., 501, 504; Robinson v. Fitch, 26 Ohio St., 659, 662; Zajachuck v. Willard Storage Battery Co., 106 Ohio St., 538, 140 N. E., 405; Halliday v. Public Utilities Commission, 118 Ohio St., 269, 270, 160 N. E., 713.
The second and determinative question is whether the trial court erred in the first instance in ordering the petition to be *435 further amended. If the petition states a cause of action, then it follows that prejudicial error was committed.
Under Section 2309.04, Revised Code, a petition is required to contain “a statement of facts constituting a cause of action in ordinary and concise language.” Section 2309.34, Revised Code, states that, “when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment.” Under Section 2309.34, Revised Code, the trial court believed that plaintiff failed to state facts constituting a cause of action, in the absence of a concrete averment as to what act the defendant committed or omitted which commission or omission would constitute negligence. And the principal issue is: Did plaintiff state a cause of action by averring that defendant “failed to erect and maintain fences”?
Plaintiff in her brief sets out Sections 951.02 and 951.10, Revised Code, which relate to the running at large of domestic animals upon highways and private lands. Plaintiff admits that these statutes have been construed to be for the purpose of preventing trespass and not to be for the benefit of highway travelers. Marsh v. Koons, 78 Ohio St., 68, 84 N. E., 599. Defendant relies upon that case for his contention that plaintiff did not state a cause of action without averring particular acts of negligence. In our view of the issue as raised in this case, it will not be necessary to re-examine the interpretation given the fence statutes in Marsh v. Koons, supra. The case of Drew v. Gross, 112 Ohio St., 485, 147 N. E., 757, is determinative of the issue here.
The first paragraph of the syllabus in that case reads:
“The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occasioned.”
Plaintiff alleges in her petition that the defendant “failed to erect and maintain fences.” Failure of the defendant to do either of these would have constituted a breach of duty owed to the plaintiff, which breach would be actionable as to damages proximately caused thereby.
As Allen, J., stated in Drew v. Gross, supra, at page 491, “apart from specific statute the law imposes upon every per *436 son the duty of using his own property so as not to injure his neighbor. As conditions change and modes of life alter, the duty to observe ordinary care in the use of one’s own property, while not altering in its essentials, will alter in its details. * * * When the state was established it was not in general unsafe to permit domestic animals to run at large in the highway outside of the confines of municipalities, and damages from so doing could not generally be reasonably anticipated. With the growth of traffic, particularly automobile traffic, the situation is changed, but the duty to observe ordinary care remains the same. This duty in modern times requires that the owner of livestock exercise ordinary care not to let his livestock stray out onto a much-traveled highway, because under our modern traffic conditions he can reasonably anticipate that if the livestock stray onto such a highway they are apt to damage persons or property.”
Judge Allen’s words are more forceful today than they were when written.
Now if plaintiff can prove as alleged that the defendant failed to erect or maintain the fences, and that such failure was the proximate cause of plaintiff’s injuries, then plaintiff has an action which under sufficient proof could go before a jury. Consequently, we hold that the petition contains sufficient allegations to state a cause of action. Necessarily, then, the trial court was in error in ordering the petition to be amended and in subsequently ordering it to be stricken from the files.
To sum up, an owner of swine who permits them to escape from an enclosure and to go upon a public highway is responsible for damages thereby occasioned. In such case, the injured party states a cause of action by averring that the owner failed to erect and maintain fences, which failure resulted in the injuries.
The judgment is reversed and the cause remanded for further proceedings according to law.

Judgment reversed.

Zimmerman, acting C. J., Radcliee, Taet, Bell, Herbert and O’Neill, JJ., concur.
*437 Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Radclifp, J., of the Fourth Appellate District, sitting by-designation in the place and stead of Zimmerman, J.