SNOW ET AL., APPELLANTS, *v.* COURTRIGHT; PRODUCERS LIVESTOCK ASSN., APPELLEE.

(No. 73-584—Decided June 26, 1974.)

306

*Messrs. Spangenberg, Shibley, Traci & Lancione, Mr. Donald P. Traci* and *Mr. John D. Liber,* for appellants.

*Messrs. Williams, Murray, Deeg & Ketcham, Mr. Gordon E. Williams* and *Mr. James D. Booker,* for appellee.

O'NEILL, C. J. The propositions of law set forth in appellants' brief propound two theories for the imposition of liability upon appellee. First, it is contended that violation of R. C. 951.02, in itself, should constitute negligence per se; second, it is contended that, on the facts presented, there was sufficient evidence to support the jury's finding.

Since the court agrees with appellants' second contention that the evidence adduced at trial was sufficient to warrant submission of the case to the jury, it is not necessary

for it to consider this court's interpretation that R. C. 951.02 is "for the purpose of preventing trespass and not * * * for the benefit of highway travelers." *Barber* v. *Krieg* (1961), 172 Ohio St. 433, 435, 178 N. E. 2d 170; *Marsh* v. *Koons* (1908), 78 Ohio St. 68, 84 N. E. 599.

Plaintiff in the *Barber* case was injured as the result of a collision between an automobile and a hog which ran upon the highway. In the opinion in that case, by Matthias, J., it was stated, at page 436:

"* * * if plaintiff can prove as alleged that the defendant failed to erect or maintain the fences, and that such failure was the proximate cause of plaintiff's injuries, then plaintiff has an action which under sufficient proof could go before a jury."

The court in the *Barber* case followed *Drew* v. *Gross* (1925), 112 Ohio St. 485, 147 N. E. 757. The syllabus in *Drew* reads:

"1. The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occasioned.

"2. It is a question of fact for the jury whether an owner of horses who turns them loose unattended into a field adjacent to a much traveled highway in the nighttime, the fence of which field is in such defective condition that the horses may easily stray out onto the highway, could have anticipated that one of the horses would stray out onto the highway and collide with an automobile thereon."

In the course of the opinion, Allen, J., made the following comments, at pages 489 and 490:

"* * * The principal test, as to whether the owner is or is not negligent, is whether he could or could not reasonably have anticipated the occurrence which resulted in the injury. It is a question of fact for the jury whether an owner of horses who turns them loose unattended into a field adjacent to a much-traveled highway in the nighttime, the fence of which field is in such defective condition that the horses may easily stray out onto the highway, could have anticipated that one of the horses would stray out onto the highway and collide with an automobile thereon.

"The owner of livestock is chargeable with knowledge

of the propensities of his livestock and is bound to know that horses or cattle when placed in an inclosure where the fence is so defective that they may easily pass out of the inclosure and onto adjacent property will probably do so."

In the instant cause, there is no evidence of record that the pony's escape from its enclosure was attributable to faulty fencing. There is, however, evidence that a gate in the fence was open.

The Court of Appeals was of the opinion that "without an additional fact or facts in evidence to support the inference that the pony escaped through the gate in question we have an impermissible inference upon an inference * * *."

The court, in *Drew* v. *Gross, supra,* made no such distinction. In that case, there was no direct evidence that the horse escaped because of the defective condition of the fence. Yet the court found it to be "some evidence of negligence to turn horses into a field adjacent to the highway in the nighttime, if the fence be in such defective condition that the animals may easily stray out onto the highway." (112 Ohio St., at 490.)

Thus, in *Drew* v. *Gross,* defendant's negligence was held to be a question for determination by the jury. The same result should obtain here. Since it is "some evidence of negligence" to turn animals into a field with defective fencing, it is also evidence of negligence to leave open a gate to the animals' enclosure.

It is the conclusion of this court that the Court of Common Pleas properly submitted the issue of defendants' negligence to the jury. Therefore, the judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

HERBERT, CORRIGAN, CELEBREZZE and P. BROWN, JJ., concur.

W. BROWN, J., concurs in paragraph one of the syllabus and in the judgment.

STERN, J., dissents.

STERN, J., dissenting. In its opinion, the majority states that: "Since it is 'some evidence of negligence' to turn animals into a field with defective fencing, it is also evidence of negligence to leave open a gate to the animals' enclosure." There is one major fault with that comparison—the record in the instant case is devoid of any evidence, direct or circumstantial, as to who was responsible for the gate to appellee's enclosure being open.

Unless this court is prepared to infer that appellee was negligent as a matter of law solely by virtue of the fact that the gate was open, I find the syllabus in *Gedra* v. *Dallmer Co.* (1950), 153 Ohio St. 258, 91 N. E. 2d 256, to be controlling. Since the appellants have failed to show that the ponies escaped because of some breach, by appellee, of his duty of due care, I would affirm the judgment of the Court of Appeals.