Appellant Alvin Bright appeals his conviction, in the Delaware Municipal Court, of allowing a dangerous animal to run at large, in violation of Delaware Codified Ordinance (D.C.O.) section 505.012(f).
Appellant Alvin Bright, a resident of Delaware, Ohio, owned a Rottweiler dog named "Jake." On August 4, 1998, Clarence Brooks was walking on the sidewalk across the street from appellant's house on West Harrison Street. Jake, without provocation, managed to get past or over appellant's front-yard fence and attack Brooks, causing a serious bite injury to his arm. Jake quickly retreated from the attack, probably due to appellant's verbal command.
A follow-up investigation, by Community Service Officer Ken Simpson, led to the filing of the following charges per the Delaware Codified Ordinances: allowing a dangerous animal to run at large (D.C.O. 505.012(f)); failure to show proof of immunization for rabies (D.C.O. 505.15(a)); and failure to show registration of a dog (D.C.O. 505.03).
Additionally, appellee charged appellant with failure to confine a vicious dog, in violation of R.C. 955.22(C).
On October 30, 1998, the case proceeded in the Delaware Municipal Court as a trial to the court. The judge found appellant guilty of two of the four charges: allowing a dangerous animal to run at large, and failure to show registration. The court sentenced appellant to thirty days in jail, and ordered the humane destruction of the dog Jake.
Appellant timely appealed and raises the following two assignments of error:
 I. THE TRIAL COURT'S FINDING THAT DEFENDANT VIOLATED SEC. 505.012(f) OF THE DELAWARE CITY CODE [NO OWNER, KEEPER, HARBORER OF A DANGEROUS ANIMAL SHALL ALLOW IT TO RUN AT LARGE] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THERE WAS INSUFFICIENT EVIDENCE TO JUSTIFY A FINDING OF GUILT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS INTERPRETATION OF DELAWARE CITY CODE SEC. 505.012(f).
 II.
In order to review the evidence presented at trial as indicated in appellant's First Assignment of Error, it will be helpful to first analyze the legal terminology embodied in D.C.O. 505.012(f.). Therefore, we will address the assignments of error in reverse order.
Appellant contends that the trial court erred as a matter of law in its interpretation of Delaware City Code section 505.012(f), which reads as follows:
 "No owner, keeper or harborer of a dangerous animal shall allow it to run at large."
A review of the record and videotape clearly indicates that the trial judge read sections 505.011 and 505.012 of the Delaware Codified Ordinances in pari materia to conclude that the definition of "running at large" included not being "under reasonable control." The relevant portions of D.C.O. 505.011 read as follows:
DOGS AND OTHER ANIMALS RUNNING AT LARGE
 (a) No person who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, dogs, geese or other fowl or animals shall permit them to run at large upon any public way or on unenclosed land.
 (b) * * * The owner or keeper of every dog shall at all times keep such dog either confined upon the premises of the owner or keeper, or under reasonable control of some person.
* * *
 (d) The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section.
* * *
(Emphasis added.)
Appellant cites Uebele v. State (1926), 21 Ohio App. 459, for the proposition that the trial court's application of the "reasonable control" standard to its analysis resulted in reversible error.
Uebele, from the Court of Appeals for Mahoning County, involved a farm owner who killed a hunter's three dogs and wounded another after they ran on to his property while trailing rabbits. (The defendant farm owner, charged with unlawfully torturing and mutilating an animal under General Code section 13376, raised as a defense General Code section 13363, which legally protected one who had killed or injured a "trespassing" animal.) The Uebele court, in affirming the trial court's decision not to accept the "trespassing dog" defense, held:
 They [the dogs] would be under the control of the master if they were within call of the master, or in the presence of the master, because under such circumstances we think as a matter of law that they would not be at large, because they would be in the custody or under the control of the master * * *. Id. at 462.
We are not persuaded by appellant's reliance onUebele for two reasons. First, there are significant factual differences between the cited case and the matter at hand. It is clear, after reading Uebele in its entirety, that the Seventh District Court was greatly concerned about setting precedence allowing landowners unrestricted license to shoot innocuous domestic animals:
 It would be dangerous to hold, under circumstances and facts similar to those in the case at bar, that a man and his dog, crossing a farm for the purpose of hunting, incidentally coming on the trail of a rabbit, are trespassers, and that the dog was running at large. Id. at 462.
This Court is not compelled in this case to stretch the rationale of Uebele, an unhappy tale of incidentally wandering Beagles and "worried" sheep, to cover a modern urban scenario involving an admittedly dangerous Rottweiler attacking a human being.
Secondly, and more importantly, this Court has authority, as did the trial court, to read an immediately adjoining portion of the municipal code in pari materia to clarify a legislative term. As noted by the Supreme Court, "* * * an appellate court, in reviewing a judgment of the Municipal Court on questions of law, may take judicial notice of an ordinance of which the Municipal Court did and was entitled to take notice." City ofCleveland v. Keah (1952), 157 Ohio St. 331, 335. Further, a legislative definition of a word or phrase generally controls in seeking to determine legislative intent. Benua v. City ofColumbus (1959), 170 Ohio St. 64, 67. We find no error as a matter of law in the trial court's efforts to construe the meaning of "running at large" by looking to the confines of the Delaware Code itself.
Therefore, we do not find error in the trial court's application of a standard of failure of "reasonable control" by a dog owner under D.C.O. 505.012(f) in order to reach a conviction under said ordinance.
Appellant's Second Assignment of Error is overruled.
 I
In reviewing appellant's arguments that the trial court's decision was not supported by sufficient evidence and was against the manifest weight of the evidence, our review of the videotape of the proceedings indicates that appellant did not contest proper venue, that he was the owner of Jake, that Jake was statutorily "dangerous," or the date of the offense. Thus, the focus remains on the meaning of "to allow to run at large."
In considering the sufficiency of the evidence, our standard is as follows:
 * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273.
Therefore, our inquiry in light of the previously noted stipulations in the record is whether a rational trier of fact could have found the appellant allowed Jake to "run at large." After reviewing the evidence, we find the answer to that query to be the affirmative. As we have not, in our analysis above, found error in the trial court's application of the "reasonable control" standard in interpreting D.C.O. 505.012(f), we find no basis for disturbing the trial court's decision in this regard. There was ample evidence, via the victim's testimony, that Jake escaped his master's yard, crossed a public street, and attacked a pedestrian without provocation. Although appellant argues in his brief that he "called the dog off of Mr. Brooks promptly" (Appellant's Brief at 5), the issue of whether the duration of this sequence of events falls within the definition of "reasonable control" is in this case properly left within the realm of the trier of fact.
We then turn to appellant's contention that his conviction is against the manifest weight of the evidence. Our standard of review is stated as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant urges in particular that "[t]he record is silent as to any other evidence concerning Jake's whereabouts during the time and date alleged in the complaint." (Appellant's Brief at 5).
We find no merit in appellant's contention. Again, the trier of fact's reliance on the victim's testimony of the dog's actions cannot be classified as a manifest miscarriage of justice. It is not incumbent upon the prosecution, in arguing under this type of ordinance, where the parties agree as to the animal's "dangerous" status, to paint the dog as some sort of perennial canine vagabond. As noted by the Tenth District Court of Appeals in City of Upper Arlington v. Schafer (March 21, 1991), Franklin App. No. 90AP-1087, unreported, "[t]he dog need not be creating a nuisance in order to be considered an animal at large * * *." Id. at 2.
Appellant's First Assignment of Error is overruled.
In conclusion, a reversal of the lower courts conviction of appellant under these facts would be an unwarranted intrusion into the province of the trier of fact. We are not inclined to override the trial judge's careful consideration of the facts and law, and thereby artificially devise, as appellant seems to suggest, a wider set of time parameters in which a clearly dangerous animal could not be found "at large" as a matter of law.
For the reasons stated in the foregoing opinion, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is affirmed.
By: Wise, P. J., Hoffman, J., and Edwards, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Delaware Municipal Court of Delaware County, Ohio, is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES