OPINION *Page 2 
{¶ 1} On May 15, 2006, a complaint was filed charging appellant, Aaron Smith, Sr., with two counts of injuring animals in violation of R.C.959.02. Appellant shot and killed two dogs on his property he believed were attacking his sheep.
 {¶ 2} A bench trial commenced on September 5, 2006. By journal entry filed same date, the trial court found appellant guilty and imposed fines and court costs.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE COURT ERRED BY CHARGING ME WITH VIOLATING 959.02 WHICH SAYS NO PERSON SHALL WILLFULLY AND WITHOUT CONSENT OF THE OWNER KILL A DOG' (SIC) WHILE REVISED CODE 955.28 SAYS THAT I CAN IF A DOG IS CHASING OR APPROACHING IN A MENACING FASHION OR APPARENT ATTITUDE OF ATTACK THAT ATTEMPTS TO BITE OR OTHERWISE ENDANGER, OR KILLS LIVESTOCK. IT ALSO VERY CLEARLY SAYS THAT I AM NOT LIABLE TO PROSECUTION UNDER THE PENAL LAWS WHICH PUNISH CRUELTY TO ANIMALS."
 I {¶ 5} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 6} Preliminarily, we must note appellant failed to serve his brief on appellee. Therefore, the provisions of App.R. 18(C) do not apply. *Page 3 
 {¶ 7} Appellant was convicted of injuring animals in violation of R.C.959.02 which states, "No person shall maliciously, or willfully, and without the consent of the owner, kill or injure a horse, mare, foal, filly, jack, mule, sheep, goat, cow, steer, bull, heifer, ass, ox, swine, dog, cat, or other domestic animal that is the property of another."
 {¶ 8} Appellant does not contest that he shot the dogs,[1] but argues the dogs were trespassing on his property and they could have killed his sheep therefore, the exception under R.C. 959.04 applies:
 {¶ 9} "Sections 959.02 and 959.03 of the Revised Code do not extend to a person killing or injuring an animal or attempting to do so while endeavoring to prevent it from trespassing upon his enclosure, or while it is so trespassing, or while driving it away from his premises; provided within fifteen days thereafter, payment is made for damages done to such animal by such killing or injuring, less the actual amount of damage done by such animal while so trespassing, or a sufficient sum of money is deposited with the nearest judge of a county court or judge of a municipal court having jurisdiction within such time to cover such damages.* * *"
 {¶ 10} The record supports the trial court's finding that appellant made no payment for the damages done to the two dogs as required by R.C.959.04. T. at 15. Further, the record establishes the dogs were used as tracking dogs to hunt coyotes that were killing livestock, and on the day in question, were tracking a wounded coyote. T. at 7, 9. The owner of the dogs had permission from appellant's adjacent landowner to enter the property and kill the wounded coyote. T. at 11. *Page 4 
 {¶ 11} Not only does the exception provided in R.C.959.04 not apply because appellant failed to deposit funds for payment, but also the case of Uebele v. State (1926), 21 Ohio App. 459 applies (a dog is not at large or trespassing while trailing rabbits at the command and within call of the owner, even though on the land of another).
 {¶ 12} Upon review, we do not find a manifest miscarriage of justice.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
 By Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed.
[1] "I was doing my job as a Shepherd protecting my sheep." See, Appellant's Brief. *Page 1