OPINION *Page 2 
{¶ 1} This appeal arises from the Carroll County Court of Common Pleas' decision granting Appellees, John R. Spencer and Laura Spencer, summary judgment as a matter of law. (Jan. 9, 2006, Opinion and Judgment Entry.) Laura is the daughter of Appellant, Susan A. Moore.
 {¶ 2} Appellants, Susan and Wayne H. Moore, live in Florida and were in Carroll County visiting Appellees, their daughter and son-in-law. Susan brought her puppy with her to Ohio. On the morning of December 31, 2002, Susan took the puppy, a Cairn terrier, outside. Laura accompanied her mother outside, and decided to let Marrif, her three-legged pet goat, out of its enclosure to play with the puppy. The two animals had never interacted, but Laura advised her mother that Marrif played well with her friends' dogs in the past.
 {¶ 3} Instead of being friendly, the puppy began to aggressively bark toward Marrif, and in response, the goat postured as though she was going to butt the dog. In an effort to protect her puppy, Susan bent down to pick him up. Before she knew what had happened, Marrif rammed Susan's right eye with her horn. She suffered significant injuries as a result.
 {¶ 4} Appellants filed their complaint alleging negligence and seeking damages for Susan's injuries and Wayne's loss of consortium. Appellees subsequently sought and were granted summary judgment after the trial court found that Susan assumed the risk of her injury. Appellants timely appealed to this Court.
 {¶ 5} Appellants primarily argue that Appellees should be held responsible since they were in violation of R.C. 951.02. They also claim that the evidence *Page 3 
presented to the trial court did not establish the defense of assumption of the risk. Instead, Appellants argue that in construing the evidence most strongly in their favor, there were genuine issues of material fact for the jury to consider. However, for the following reasons Appellants' assignment of error lacks merit and is overruled.
 {¶ 6} In Appellants' sole assignment of error, they assert:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ENTERING JUDGMENT IN FAVOR OF DEFENDANTS."
 {¶ 8} A court of appeals reviews summary judgment determinations de novo, without any deference to the trial court's ruling. Doe v.Shaffer, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243. Summary judgment is appropriate when viewing the evidence in the light most favorable to the non-moving party, it is determined that there is no genuine issue of material fact; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can only come to a conclusion against the non-moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 9} Appellants claim that Appellees' alleged violation of R.C.951.02 supports a finding of negligence in this case. They contend that the statute was violated, and that this amounts to negligence per se on the part of Appellees.
 {¶ 10} R.C. 951.02, entitled, "[a]nimals not to be permitted to run at large," provides:
 {¶ 11} "No person, who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, or geese, shall permit them to run at large in the public road, highway, *Page 4 
street, lane, or alley, or upon unenclosed land, or cause such animals to be herded, kept, or detained for the purpose of grazing on premises other than those owned or lawfully occupied by the owner or keeper of such animals.
 {¶ 12} "The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section."
 {¶ 13} Appellants argue that the goat was running at large at the time of Susan's injury and that Laura's actions constituted a violation of R.C. 951.02. Because the goat was loose and not penned or tied, they claim that Laura violated the duty of care owed to Susan when she released Marrif.
 {¶ 14} Contrary to Appellants' argument, Marrif was not "running at large" for purposes of the statute by its own terms. It is undisputed that the goat was on Laura's property, not public property, at the time of the incident. Also, we have previously defined "running at large" in a case concerning a dog. In Ubele v. State (1926), 21 Ohio App. 459,462, 153 N.E. 215, this Court stated,
 {¶ 15} "It is our opinion that a dog is at large when a vagrant, when it runs at will, when it is absolutely beyond control or call and is acting on its own initiative, and under circumstances where there is no connection, physical or sympathetic, between the dog and the master * * *."
 {¶ 16} We also agree with the Third District Court of Appeals inPerkins v. Hattery (1958), 106 Ohio App. 361, 365, 155 N.E.2d 73, in holding that, "[a] dog on its master's premises is not a vagrant and is generally held not to be running at large." *Page 5 
 {¶ 17} Further, in Barber v. Krieg (1961), 172 Ohio St. 433, 435,178 N.E.2d 170, the Ohio Supreme Court held that R.C. 951.02 was clearly designed to prevent trespass by animals and was, "not to be for the benefit of highway travelers." Thus, negligence per se is only applicable in trespassing cases. Accordingly, if trespass is not at issue, a plaintiff must plead and establish negligence as it may otherwise arise from the ownership of a domestic animal. Id. citingDrew v. Gross (1925), 112 Ohio St. 485, 147 N.E. 757; Reed v.Molnar (1981), 67 Ohio St.2d 76, 80, 423 N.E.2d 140.
 {¶ 18} The only evidence of record in this matter, Susan's deposition, confirms that Laura's goat was on Laura's own property at the time of the incident, and it may have even been on a leash at the time. Susan's description of the incident reveals that the goat had just been released from its enclosure immediately prior to her injury. The goat and this dog never actually played together, but Laura assured her that her animal played well with other dogs in the past. Susan stated, however, that Laura, "* * * got the goat out, and all of a sudden my dog, instead of a friendly bark, had kind of an aggressive sounding bark, and the goat just put her head down like she was going to butt." (Depo., p. 25.)
 {¶ 19} Based on Susan's own deposition testimony, Appellants' reliance on R.C. 951.02 in this case is in error.
 {¶ 20} Since Appellants could not establish negligence per se based on this statutory provision, in order to establish negligence Appellants must prove the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach. Menifee v. Ohio Welding Products,Inc. (1984), 15 Ohio St.3d 75, 472 N.E.2d 707. *Page 6 
 {¶ 21} A host owes his or her social guest a duty:
 {¶ 22} "* * * to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises * * * [and] * * * to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition." Scheibel v. Lipton (1951), 156 Ohio St. 308, 102 N.E.2d 453, at paragraph three of the syllabus. However, a host is not an insurer of his or her guest's safety. Id. at paragraph two of the syllabus.
 {¶ 23} In negligence cases raised against the owners of animals, it is well-settled that liability is customarily determined by assessing whether the owner could have reasonably anticipated the event that resulted in injury. Ross v. Schwegel, 8th Dist. No. 80183, 2002-Ohio-3772, ¶ 10-11, citing Drew v. Gross (1925), 112 Ohio St. 485,489, 147 N.E. 757. "* * * [T]he owner of a domestic animal is not liable for injuries committed by it, unless the owner had notice that it was accustomed to do mischief." Ross at ¶ 10, citing Spring. v. Edgar
(1878), 99 U.S. 645, 25 L.Ed. 487.
 {¶ 24} In the instant case, the record is devoid of any evidence that Appellees were negligent. There is absolutely nothing of record even arguably depicting Marrif as a dangerous, aggressive or otherwise mischievous domestic animal.
 {¶ 25} Again, Susan's own testimony at deposition reveals that on the morning in question her dog needed to go outside shortly after she awoke. Since it was a sunny morning, Laura accompanied them. While they were walking in the yard, the *Page 7 
dog barked at the goat. Laura suggested allowing the two animals to play together, since Marrif had played with her friends' dogs in the past. (Depo., p. 24.)
 {¶ 26} When Laura got the goat out of its enclosure, the dog's bark became aggressive, and in response, "the goat just put her head down like she was going to butt." According to Susan, she then believed the goat "was going to attack the dog or something, so I just stupidly bent down and picked up the dog. * * * And as I looked up, bang, hit me right in the face with his horn." (Depo., p. 25.) Susan was obviously trying to prevent the goat from hitting her dog. The goat charged her, instead, while she was in the process of picking up her dog, ripping her eyelid from the corner of her eye. This incident took place in a matter of seconds. (Depo., pp. 27, 30.)
 {¶ 27} Susan has never personally owned goats, but she described herself as an animal lover. Susan visited her daughter's Carroll County property about once a year for approximately six years prior to this incident. She never saw the goat act in an aggressive manner before. Susan's dog had never interacted with this or any other goat before the day of the incident. Susan had no reason to believe she should have been warned that the goat might charge. While she never saw the goat running loose unless Laura took it out intentionally; on a prior occasion they took Marrif for a walk up the road on a leash. Susan cannot recall whether the goat was on a leash at the time of this incident. (Depo., pp. 14-15, 16-17, 23-24, 26, 27.)
 {¶ 28} Based on the foregoing undisputed evidence, we cannot find that Appellees breached a duty of care to Appellants. Although Laura had a duty to exercise ordinary care and to warn of any known dangers on the premises, the evidence does not reveal even one fact tending to show that she could have *Page 8 
reasonably anticipated this incident and her mother's injury. The record reflects Marrif had played with other dogs without incident and evidently had no history of aggressive behavior. There was simply no evidence indicating that Appellees could have foreseen Susan's incident. As such, Appellants' negligence claim lacks merit.
 {¶ 29} The trial court in the instant case found that Appellants' claims were barred by the assumption of the risk defense. Because we must conclude from this record that Appellees were not negligent, there is no need to determine whether any defense to negligence applies. While it may have been error to rely on a defense to negligence prior to determining whether Appellants established the underlying cause for negligence, the record reflects that no genuine issue exists for trial and summary judgment was correctly granted to Appellees.
 {¶ 30} In conclusion, Appellants' assignment of error is overruled, and the decision to award summary judgment to Appellees as a matter of law is affirmed.
 Vukovich, J., and DeGenaro, P.J., concurs. *Page 1