JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Plaintiff-appellant, Rick L. Boley ("Boley"), appeals from the trial court's decision that granted summary judgment in favor of defendant-appellee, General Environmental Management, LLC ("GEM") on Boley's negligence claim against it. For the reasons that follow, we affirm.
 {¶ 3} In his complaint against GEM, Boley alleged that GEM was liable for injuries he sustained when he fell through a catwalk where grating was missing when he was performing his job duties as a hazmat technician on property owned by a third-party defendant. GEM moved for summary judgment, which the trial court granted and from which Boley now challenges.[1]
 {¶ 4} Boley's sole assignment of error provides:
 {¶ 5} "I. The trial court erred in granting summary judgment to defendant/appellee General Environmental Management, LLC."
 {¶ 6} Boley maintains that the trial court erred because he believes there are genuine issues of material fact as to whether GEM owed him a duty and whether GEM's negligence was the proximate cause of his injuries. *Page 2 
 {¶ 7} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 8} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C).
 {¶ 9} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient. The movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107; Civ. R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a *Page 3 
genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 10} The facts, as construed in a light most favorable to Boley, are as follows: On April 21, 2006, Boley was employed by EnviroServe as a hazmat techician. On that day, he was assisting in the removal of waste water from an American Petroleum Institute ("API") separator on property that is not owned or controlled by GEM. Boley fell through a missing grate on a catwalk on the property where the API separator was located and sustained injuries.
 {¶ 11} The waste water removal from the API separator was commissioned by either Northeast Ohio Regional Sewer or the United States Coast Guard, who believed that the water in the API separator may have become contaminated from a fire that occurred at GEM's waste water pretreatment facility on April 20, 2006.
 {¶ 12} GEM moved for summary judgment on Boley's negligence claim which the trial court granted. Boley contends that there are issues of fact concerning GEM's duty to him and whether its negligence in causing the fire was the proximate cause of his injuries.
 {¶ 13} "`[I]n order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom.'" Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75 [other citations omitted]. *Page 4 
 {¶ 14} In the absence of a duty, the negligence action fails. Id. "Whether a duty exists depends largely on the foreseeability of the injury to one in the plaintiff's position. `* * * Only when the injured person comes within the circle of those to whom injury may reasonably be anticipated does the defendant owe him a duty of care.'" Id., quotingDrew v. Gross (1925), 112 Ohio St. 485 [other citations omitted].
 {¶ 15} "`If the actor's conduct creates such a recognizable risk of harm only to a particular class of persons, the fact that it in fact causes harm to a person of a different class, to whom the actor could not reasonably have anticipated injury, does not make the actor liable to the persons so injured.'" Id., quoting 2 Restatement of the Law 2d, Torts (1965), Section 281, Comment C.
 {¶ 16} Foreseeability of harm depends on the defendant's knowledge.Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77.
 {¶ 17} Similarly, "the rule of proximate cause, `requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act.'" Id. at 143, quoting Ross v. Nutt (1964),177 Ohio St. 113, 114; see, also, Gedeon v. The East Ohio Gas Co. (1934),128 Ohio St. 335, 340 ("a tort-feasor can be held legally responsible only for the probable consequences of his act.") *Page 5 
 {¶ 18} Here, Boley's injuries arose from a defect in the catwalk on property that is not owned or controlled by GEM. There is no evidence that GEM had any knowledge of the hazard on the subject property. GEM could not have reasonably foreseen that the fire which occurred on its property on April 20, 2006 would cause plaintiff to be injured on a hazardous condition that existed on a property which is not owned or controlled by GEM.
 {¶ 19} Accordingly, the trial court properly entered summary judgment in favor of GEM. Boley's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Boley obtained a default judgment against the sole defendant that remained after GEM was granted summary judgment, which is not contested on appeal. *Page 1