BURNETT, EXRX., ET AL., APPELLANTS, *v.* RICE ET AL., APPELLEES.

[Cite as Burnett *v.* Rice (1988), 39 Ohio St. 3d 44.]

(No. 87-1686—Submitted June 7, 1988—Decided October 5, 1988.)

*Eddie L. Filhart, Hackett & Butz* and *John R. Butz,* for appellants.

*Miller, Finney & Clark* and *Jerome G. Menz,* for appellees.

*Per Curiam.* Appellants contend that R.C. Chapter 951 imposes strict liability upon owners of animals which run at large upon public thoroughfares and whose activities cause damage to others. R.C. 951.02 provides as follows:

"No person, who is the owner or keeper of horses, mules, cattle, sheep,

goats, swine, or geese, shall permit them to run at large in the public road, highway, street, lane, or alley, or upon unenclosed land, or cause such animals to be herded, kept, or detained for the purpose of grazing on premises other than those owned or lawfully occupied by the owner or keeper of such animals.

*"The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section."* (Emphasis added.)

R.C. 951.10 further provides:

"The owner or keeper of an animal described in section[s] 951.01 to 951.02 of the Revised Code, who permits it to run at large in violation of either of such sections, is liable for all damages caused by such animal *upon the premises of another without reference to the fence which may enclose such premises."* (Emphasis added.)

In *Reed* v. *Molnar* (1981), 67 Ohio St. 2d 76, 80, 21 O.O. 3d 48, 51, 423 N.E. 2d 140, 144, this court observed: "* * * [I]n determining whether R.C. 951.02 was violated, the fact finder must weigh the 'reasonableness and correctness' of the owner's 'acts and conduct under the proven conditions and circumstances' * * *." Thus, the court in *Molnar* held that R.C. 951.02 imposes upon the owners of the animals identified in that subsection a duty of ordinary care.

Appellants maintain however that R.C. Chapter 951 has been amended since the decision in *Molnar*. R.C. 951.09 previously provided, in relevant part, that "[i]t is a sufficient defense to such prosecution [for violation of R.C. 951.02] to show that the animal was at large without the knowledge or fault of its owner or keeper."

While R.C. 951.09 was effective at the time of the decision in *Molnar* and

has since been repealed, its terms were not dispositive of that case. Rather, the focus of the *Molnar* court was upon the nature of the duty imposed upon the owner or keeper of the animals. In reviewing prior case law, this court arrived at the following conclusion concerning the relationship between a statutorily prescribed duty and the civil liability arising therefrom:

" 'Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se; but where there exists a legislative enactment expressing for the safety of others, *in general or abstract terms,* a rule of conduct, negligence per se has no application and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case.' *Eisenhuth* v. *Moneyhon* (1954), 161 Ohio St. 367, paragraph three of the syllabus. (Emphasis added.) Where a statute imposes a *specific* requirement or duty, the jury need only determine whether a prohibited act was committed or a required act was omitted, to find the violator of the statute negligent *per se.* 'But where duties are undefined [in the statute], or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence *per se* has no application.' *Swoboda* v. *Brown* (1935), 129 Ohio 512, 523." (Emphasis *sic.*) *Molnar, supra,* at 79-80, 21 O.O. 3d at 50-51, 423 N.E. 2d at 144.

In applying this rule of statutory construction to R.C. Chapter 951, the *Molnar* decision is unambiguous in its

finding that the section set forth a general requirement that animals be confined, but did not prescribe specific methods by which the confinement was to be accomplished. The determination of the appropriate statutory duty was not derived from an analysis of R.C. 951.09 or 951.10. Rather, such duty arose as a result of R.C. 951.02, which remains unchanged. Secondly, R.C. 951.10 addresses "damages caused by such animal *upon the premises of another*." (Emphasis added.) Assuming *arguendo* that such section provides for a strict liability standard, its application would be limited to damages occurring upon the premises of another. It has no application to damages caused by the presence of the animal upon a public highway. Finally, the imposition of strict liability in the case *sub judice* would conflict directly with the plain language of R.C. 951.02 that "[t]he running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section." The "places mentioned" in R.C. 951.02 include "the public road, highway, street, lane, or alley * * *." Thus, in contrast to the language of R.C. 951.10 pertaining to animals which trespass upon the premises of another, R.C. 951.02 creates a rebuttable presumption of negligence when an animal is at large and upon a public thoroughfare.

Consequently, R.C. 951.02 creates a rebuttable presumption that the presence of an animal upon a public road was the result of the negligence of the owner. In the case *sub judice,* the jury apparently concluded that the presumption was outweighed by evidence that appellees had taken reasonable precautions to prevent the escape of their cattle.

The conclusion reached by the jury and the instructions given thereto by the trial court are wholly consistent with the prior decisions of this court which have held that owners of animals described in R.C. Chapter 951 are under a duty to exercise ordinary care in preventing such animals from running at large upon public roads. See *Molnar, supra; Barber* v. *Kreig* (1961), 172 Ohio St. 433, 17 O.O. 2d 379, 178 N.E. 2d 170; and *Drew* v. *Gross* (1925), 112 Ohio St. 485, 147 N.E. 757.

We therefore hold that the trial court did not err in refusing to instruct the jury that R.C. Chapter 951 imposes a duty of strict liability under such circumstances. The decision of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.