RAYNER, APPELLEE, *v.* LOWE ET AL., APPELLANTS.

(No. CA-88-14—Decided July 19, 1989.)

*Edward S. Ormond,* for appellee.
*Michael D. Lowe,* for appellants.

SMART, J. This is an appeal from a judgment of the Court of Common Pleas of Morgan County, entered upon a jury verdict in favor of the plaintiff-appellee Albert Rayner ("landowner") and against defendant-appellant Donovan Lowe.

The cause arose in July 1985, when

4

fifteen cows owned by Lowe escaped from his fenced land, and strayed into landowner's cornfield. Landowner testified that he first noticed the cows towards the end of July and contacted neighboring farmers about them. He testified further that he could not reach Lowe, although he spoke with Lowe's associate regarding the cow problem. On August 5, landowner called the sheriff, who in turn notified Lowe. The cows were recaptured in December 1985, although landowner testified that it would have taken him two to three days to round up the cattle and get them out of the corn.

Lowe assigns three errors to the trial court:

### Assignment of Error No. I

"Did the court commit error in refusing to give the jury an instruction upon minimization of the damages by the plaintiff?"

### Assignment of Error No. II

"Did the court commit error in denying the defendant's motion for a directed verdict?"

### Assignment of Error No. III

"Did the court commit error in refusing to instruct the jury that the owner of an animal is required to use ordinary care to restrain his animal from running at large?"

We will first address Lowe's third assignment of error.

R.C. 951.02 states:

"No person, who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, or geese, shall permit them to run at large in the public road, highway, street, lane, or alley, or upon unenclosed land, or cause such animals to be herded, kept, or detained for the purpose of grazing on premises other than those owned or lawfully occupied by the owner or keeper of such animals.

"The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section."

At trial, Lowe requested a jury instruction that he had a duty to use ordinary care to restrain his animals from running at large. The trial court refused to give the instruction, finding that R.C. Chapter 951 governs the case at bar, and apparently concluding that the statute confers strict liability for damages upon an owner of a trespassing animal. This is not a correct statement of the law.

In the case of *Burnett* v. *Rice* (1988), 39 Ohio St. 3d 44, 529 N.E. 2d 203, decided only a week prior to the trial court's decision in this case, our Supreme Court explained that R.C. 951.02 does not make animal owners strictly liable when their animals run at large on a public highway. The statute rather creates a rebuttable presumption of negligence when the animal is found running at large. The owner may rebut this presumption with evidence that he did not know the animal had escaped, and that he had exercised ordinary care in restraining it. The jury then decides the reasonableness of the owner's conduct.

R.C. 951.10 states:

"The owner or keeper of an animal described in sections 951.01 to 951.02 of the Revised Code, who permits it to run at large in violation of either of such sections, is liable for all damages caused by such animal upon the premises of another without reference to the fence which may enclose such premises."

This statute has been construed to mean that a person has no duty to fence his land in order to protect it from a trespassing animal, and is not contributorily negligent if he fails to protect his property. *Eichel* v. *Dudley*

(Cty. Ct. 1962), 18 O.O. 2d 158, 179 N.E. 2d 812.

We acknowledge that *dicta* in *Burnett* v. *Rice* suggests that the damages statute *could* be read to confer strict liability for animals that run at large on private property. In our view, the statutes should be read in conjunction to require a sequential analysis. R.C. 951.02 is the starting point. If the trier of fact concludes the owner of an animal has failed to use ordinary care in restraining it, then the owner is in violation of R.C. 951.02, and the animal is "running at large." The owner is *then* liable for damages under R.C. 951.10, and the defense of contributory negligence, because the other did not erect fencing, is unavailable to him.

We think our reading of R.C. 951.10 is more logical. If strict liability were intended, then no defense of contributory negligence is available to the tortfeasor. We find significant the fact that the legislature chose not to use the phrase "strict liability" but rather chose to adopt a rule regarding fences in particular.

In sum, we hesitate to impose strict liability upon a farmer whose animal escapes through no fault of his own, in the absence of clear legislative intent or mandate from our Supreme Court.

We conclude that in appropriate cases, the jury must decide whether the defendant has breached a duty of ordinary care. The trial court did not err in refusing the requested instruction on the particular facts of this case, however, because it was not warranted by the evidence. A judge must tailor his charge to those disputed facts which the evidence presented at trial tends to prove or disprove. *Sherer* v. *Smith* (1951), 155 Ohio St. 571, 44 O.O. 506, 99 N.E. 2d 763.

The third assignment of error is overruled.

We now turn to Lowe's second assignment of error.

Following *Burnett* v. *Rice, supra,* we find that landowner set forth his prima facie case against Lowe and that the case presented questions of fact for the jury. It was not error for the trial court to overrule Lowe's motion for directed verdict.

The second assignment of error is overruled.

Landowner testified that two or three days was a reasonable length of time to remove the cows from the cornfield. Lowe argues that landowner had a duty to mitigate his damages, and if he could have removed the cows quickly then he had a duty to do so. Lowe cites general authority on mitigation of damages but does not direct us to any cases on point.

R.C. 951.11 makes it permissible, but not mandatory, for a private person who finds a stray animal to take it and confine it.

We find that landowner had no duty to minimize his damages beyond giving notice to the owner of the animals that they were on his property, as the record reflects he did.

The first assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., concurs.

MILLIGAN, J., concurs separately.

MILLIGAN, J., concurring. The trial court did not err in submitting this case to the jury as a case of strict liability. R.C. 951.02 defines the prohibited conduct and, as to the cows being on "the premises of another," R.C. 951.10 fixes the consequences.

6

The Supreme Court recognized the distinction:

"* * * R.C. 951.10 addresses 'damages caused by such animal *upon the premises of another.*' (Emphasis added.) Assuming *arguendo* that such section provides for a strict liability standard, its application would be limited to damages occurring upon the premises of another. It has no application to damages caused by the presence of the animal upon a public highway. Finally, the imposition of strict liability in the case *sub judice* would conflict directly with the plain language of R.C. 951.02 that '[t]he running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section.' The 'places mentioned' in R.C. 951.02 include 'the public road, highway, street, lane, or alley * * *.' Thus, in contrast to the language of R.C. 951.10 pertaining to animals which trespass upon the premises of another, R.C. 951.02 creates a rebuttable presumption of negligence when an animal is at large and upon a public thoroughfare." *Burnett* v. *Rice* (1988), 39 Ohio St. 3d 44, 46, 529 N.E. 2d 203, 205-206.

I would conclude that the legislature has created the kind of specific requirement or duty contemplated in *Reed* v. *Molnar* (1981), 67 Ohio St. 2d 76, 21 O.O..3d 48, 423 N.E. 2d 140, and *Burnett, supra,* as to animals running at large *upon the premises of another.*

R.C. 951.10 provides:

"The owner or keeper of an animal described in sections 951.01 to 951.02 of the Revised Code, who permits it to run at large in violation of either of such sections, *is liable for all damages caused by such animal upon the premises of another* without reference to the fence which may enclose such premises." (Emphasis added.)