[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas which granted summary judgment in favor of defendant-appellee Ralph Ferkel. Plaintiff-appellant, Timothy G. Moore, and defendant-appellant, Gary Ferkel, now raise the following assignment of error on appeal:
 "The Trial Court erred in granting the Motion for Summary Judgment filed by Defendant Appellee Ralph Ferkel and dismissing the Complaint of Plaintiff Appellant Timothy G. Moore against Defendant Appellee Ralph Ferkel."
The undisputed facts of this case are as follows. On September 2, 1994, at approximately 6:20 a.m., Timothy G. Moore was driving south on State Route 510 in Sandusky County, Ohio, when he collided with a horse that was standing in the middle of the road. It was subsequently determined that the horse came from a nearby farm owned by Ralph Ferkel. Ralph, however, did not own the horse. Rather, the horse was owned by Ralph's son, Gary Ferkel, who, along with his wife and daughter, lived in a home on Ralph's farm next door to Ralph and his wife. Because Gary did not have the proper facilities for a horse, the horse was stabled in Ralph's barn; however, Gary and his daughter were solely responsible for the care of the horse. Attached to the barn was a pen (the "inner pen"), built by Ralph Ferkel, which could be accessed through a barn door. The pen was approximately twelve feet by twenty-five feet and was made of five foot high weld wire fencing. The inner pen was then surrounded by an outer pen consisting of an electric fence constructed of a single electric wire, three feet off the ground, which ran from post to post. The electric fence, however, was only turned on during the day when the horse had access to the outer pen. There was one gate through which the outer pen could be accessed from the inner pen.
On the evening of September 1, 1994, Gary Ferkel's daughter fed the horse and closed the gate between the inner and outer pens. Then, at approximately 9:00 p.m., Gary checked the gate to make sure it was closed. It was. The following day, after the accident, Gary inspected the gate and found it open.
On August 15, 1996, Timothy Moore filed a complaint against Gary and Ralph Ferkel alleging that he was injured as a result of the collision with the horse, that the horse was owned and/or maintained by both defendants, and that the collision was the direct and proximate result of the defendants' negligence. Subsequently, Ralph Ferkel filed a motion for summary judgment in which he argued that because he was neither the owner nor the keeper of the horse, he could not be held liable for appellee's injuries pursuant to R.C. 951.02. The trial court agreed with appellee's argument and in a decision and judgment entry dated July 25, 1997, the court granted Ralph Ferkel summary judgment. The court further found no just cause for delay pursuant to Civ.R. 54(B). It is from that judgment that appellants appeal.
In reviewing a ruling on a summary judgment motion, this court must apply the same standard as the trial court. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
R.C. 951.02 reads as follows:
 "No person, who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, or geese, shall permit them to run at large in the public road, highway, street, lane, or alley, or upon unenclosed land, or cause such animals to be herded, kept, or detained for the purpose of grazing on premises other than those owned or lawfully occupied by the owner or keeper of such animals.
 "The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section."
In Burnett v. Rice (1988), 39 Ohio St.3d 44, 46, the Supreme Court of Ohio in interpreting R.C. 951.02 held that the statute "* * * creates a rebuttable presumption that the presence of an animal upon a public road was the result of the negligence of the owner [or keeper]."
In the present case, the trial court concluded that Ralph Ferkel was clearly not the owner of the horse in question. The court further concluded, however, that because Ralph was not physically in charge of the animal and did not care for the animal, he was not its keeper. Accordingly, the court held that Ralph could not be held liable for Moore's damages. The Revised Code does not define the terms "owner" or "keeper" with regard to the statutes covering animals running at large. Additionally, no case law exists which defines those terms as they relate to R.C.951.02. There are, however, cases which define those terms as they relate to the statutes covering a dog owner's liability for damages caused by the dog. R.C. 955.28 provides that the "owner, keeper, or harborer" of a dog is liable for such damages. Ohio courts have held that, as those terms are used in R.C. 955.28, "[a]n owner is the person to whom a dog belongs, while a keeper has physical control over the dog." Flint v. Holbrook (1992),80 Ohio App.3d 21, 25, citing Garrard v. McComas (1982), 5 Ohio App.3d 179,182. In addition, this court has stated that with respect to R.C. 955.28, "[k]eepership has proprietary or dominion aspect, and involves the exercise of some degree of management, possession, care, custody or control over the dog." Godsey v.Franz (Mar. 13, 1992), Williams App. No. 91WM000008, unreported. Using these definitions, appellee contends that because the horse in the present case did not belong to him and because he did not have physical control over the horse, he is not liable for Moore's damages.
The evidence submitted to the court below reveals that appellee owns the farm on which the horse resided and built the pen from which the horse escaped. Although Ralph and Gary Ferkel both testified that Gary agreed to take responsibility for the horse, Ralph admitted that at times, when Gary was on vacation or gone for the day, he would feed and care for the horse. In addition, Ralph paid for the electricity which fed the electric fence and did not charge Gary any fee for his use of the barn, pen area or electricity. In our view, the evidence presented raises a genuine issue of material fact regarding whether Ralph Ferkel was a "keeper" of the horse under R.C. 951.02. By its very nature, a horse must be maintained by some sort of enclosure. As such, the use of the term "keeper" in R.C. 951.02 encompasses more than the use of the same term with respect to dogs in R.C. 955.28. Because Ralph Ferkel built and owned the enclosure by which the horse in question was kept, and provided the electricity to help enclose that horse, a question of fact remains regarding whether he exercised some degree of control over the horse.
Accordingly, the trial court erred in granting appellee summary judgment and the sole assignment of error is well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is reversed. This cause is remanded for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
CONCUR.