HORSLEY et al., Appellants,

v.

ESSMAN et al., Appellees.

[Cite as *Horsley v. Essman* (2001), 145 Ohio App.3d 438.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 01CA2762.

Decided Aug. 29, 2001.

*The Hoover Law Group, Marie Moraleja Hoover* and *R. Tracy Hoover,* for appellants Ralph E. Horsley and Teresa Horsley.

*Cheek & Zeehandelar, L.L.P.,* and *Steven J. Zeehandelar,* for appellant State Farm Mutual Insurance Company.

*Ruggiero & Haas, John R. Haas* and *Anna E. Davis,* for appellees Lewis Essman and Debra Essman.

---

HARSHA, Judge.

Ralph E. and Teresa Horsley and State Farm Mutual Insurance Company appeal from an order of the Scioto County Court of Common Pleas granting summary judgment in favor of Lewis and Debra Essman in a tort action.

The Horsleys, and their minor child William, were traveling east on U.S. Route 52 near Portsmouth, Ohio, when their car collided with a cow and calf in the highway. Appellees, Lewis and Debra Essman, own the property adjacent to U.S. 52 and owned the cow and calf that were in the highway. Appellants brought a claim against the Essmans in the Scioto County Court of Common Pleas for bodily injuries and property damage to their vehicle.

The Horsleys filed their initial complaint in December 1998. The matter was assigned to one of the two judges in the court of common pleas, general division, who denied appellees' motion for summary judgment. The Horsleys then voluntarily dismissed the case without prejudice. Within a few months, the Horsleys refiled their complaint, joined by State Farm Mutual Insurance Company ("State Farm"), which sought recovery for its subrogated interest for medical payments made on behalf of the Horsleys. The case was assigned to the other judge in the general division, who granted the identical motion that the original judge had denied. Both the Horsleys and State Farm appealed, raising distinct issues for our review:

I. *Assignment of Error of Ralph and Teresa Horsley:*

"The trial court erred as a matter of law by failing to invoke the doctrine of issue preclusion/collateral estoppel."

II. *Assignment of Error of State Farm Mutual Insurance Company:*

"The trial court erred as a matter of law in granting summary judgment to defendants-appellees."

We reverse and remand this case based on State Farm's assignment of error. The Horsleys' assignment of error is rendered moot.

We review a trial court's decision to grant summary judgment on a *de novo* basis. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 244–245. We apply the same criteria as the trial court, which is the standard contained in Civ.R. 56. *Lorain Natl. Bank v.. Saratoga Apts.* (1989) 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Under Civ.R. 56(C), summary judgment is proper if (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. See *Grafton, supra.*

The party moving for summary judgment has the initial burden of informing the trial court of the basis of the motion and identifying those portions of the record that demonstrate the absence of a material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. To meet its burden, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, * * * written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *id.*

If the moving party satisfies its burden, then the burden shifts to the nonmoving party to offer specific facts showing a genuine issue for trial. Civ.R. 56(E); *Dresher, supra.* The nonmoving party must come forward with documentary evidence rather than resting on unsupported allegations in the pleadings. *Kascak v. Diemer* (1996), 112 Ohio App.3d 635, 638, 679 N.E.2d 1140, 1141–1142. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing the existence of a genuine issue for trial. *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 666 N.E.2d 1132.

When livestock escape and do damage upon a public highway, the owner's liability is based on negligence in permitting the livestock to escape. *Reed v. Molnar* (1981), 67 Ohio St.2d 76, 21 O.O.3d 48, 423 N.E.2d 140. In order to maintain a cause of action for negligence, a plaintiff must establish the following three elements: (1) that defendant owed a duty to plaintiff, (2) that defendant breached that duty, and (3) that damage proximately resulted from the breach. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616.

In Ohio, owners of cattle have a duty to exercise ordinary care in preventing their cattle from running at large on public highways. *Burnett v. Rice* (1988), 39 Ohio St.3d 44, 529 N.E.2d 203; *Molnar, supra.* The duty is statutory and is also recognized in the common law. R.C. 951.02; *Drew v. Gross* (1925), 112 Ohio St. 485, 147 N.E. 757; see, also, Annotation, Liability of owner of

animal for damage to motor vehicle or injury to person riding therein resulting from collision with domestic animal at large in street or highway (1984), 29 A.L.R. 4th 431.

R.C. 951.02 states:

"No person, who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, or geese, shall permit them to run at large in the public road, highway, street, lane, or alley.

"* * *

"The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section."

█ Appellant, State Farm, argues that R.C. 951.02 applies to shift the burden of proof in this case to appellees to show that they were not negligent in allowing their cattle to escape, and that summary judgment was inappropriate because appellees failed to meet their burden.[1] We disagree with State Farm on this point. The Supreme Court of Ohio held in *Burnett* that R.C. 951.02 creates a *"rebuttable presumption* that the presence of an animal upon a public road was the result of the negligence of the owner." (Emphasis added.) An owner may rebut the statutory presumption of negligence by adducing evidence that he exercised reasonable care to prevent his livestock from escaping. *Burnett, supra.*

Evid.R. 301 governs the effect of a presumption on the allocation of the burden of proof in civil actions and provides the general rule that will be used unless the General Assembly provides otherwise. It states:

"In all civil actions and proceedings not otherwise provided for by statute enacted by the General Assembly or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence

---

1. Appellants did not specifically plead a violation of R.C. 951.02 in their complaint. The violation of the statute was first raised by appellant, State Farm, in its response to the motion for summary judgment. However, appellees did not object to State Farm's reliance on R.C. 951.02 in its brief. Civ.R. 15(B) states that when issues not raised by the pleadings are tried by express or implied consent of the parties, such issues will be treated as if they had been raised in the pleadings. See, generally, *Mandalaywala v. Yajnik* (Feb. 13, 2001), Franklin App. No. 00AP–741, unreported, 2001 WL 118592.

    The duty of care in this case is the same under the statute and at common law. A violation of R.C. 951.02 does not constitute negligence *per se,* or impose strict liability. See *Molnar, supra.* Thus, the only benefit from the statute is that it can serve to establish a rebuttable presumption of negligence. We proceed to address the issue presented by application of R.C. 951.02 because it is possible that the trial court relied on the statute in granting summary judgment, and because appellees did not object. Our ultimate decision would be the same, even without an analysis of the rebuttable presumption under R.C. 951.02.

to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party on whom it was originally cast."

Thus, a presumption shifts the evidentiary burden of producing evidence, *i.e.*, the burden of going forward, to the party against whom the presumption is directed; it does not effect the burden of proof, which remains the same throughout the case. See Weissenberger, Ohio Evidence (2001), at 44; and Burnside, Jacobs & Saltzburg, Ohio Rules of Evidence Trial Book (1999), at 20. Moreover, a rebuttable presumption does not carry forward as evidence once the opposing party has rebutted the presumed fact. *Forbes v. Midwest Air Charter* (1999), 86 Ohio St.3d 83, 711 N.E.2d 997. Thus, once the presumption is met with sufficient countervailing evidence, it fails and serves no further evidentiary purpose. We have previously characterized the effect of rebutting the presumption as "bursting the bubble," with the case then proceeding as if the presumption had never arisen. See *Ellis v. Evans* (Aug. 16, 2001), Gallia App. No. 00CA17, unreported, 2001 WL 978868, which presents a similar fact pattern.

Applying these principles, we turn to the Civ.R. 56 evidence. Appellees admit that they own the cattle involved in the accident, and there is no dispute that the cattle were "at large" on the highway at the time of the accident. Thus, the predicate facts would support a rebuttable presumption of negligence under R.C. 951.02. The question becomes whether a factual issue remains concerning appellees' exercise of ordinary care, given the procedural effect of the presumption and the evidence submitted to the court.

As previously discussed, the appellees do not have the burden of proof on the issue of negligence. Rather, when the presumption arose under R.C. 951.02, the burden of production shifted to appellees to rebut the presumption, *i.e.*, to produce evidence that they were not negligent because they exercised ordinary care under the circumstances. However, once the appellees produced evidence of ordinary care, as they did in their motion for summary judgment, the presumption of negligence ceased to weigh against them and the trial court was left with the evidence submitted in conjunction with the motion. See *Forbes, supra.*

"[I]n determining whether R.C. 951.02 was violated, the fact finder must weigh the 'reasonableness and correctness' of the owner's 'acts and conduct under the proven conditions and circumstances.'" *Molnar, supra.* "The principal test, as to whether the owner is or is not negligent, is whether he could or could not reasonably have anticipated the occurrence which resulted in the injury." *Gross, supra.*

In this case, appellees' submitted Lewis Essman's affidavit in which he stated that he regularly checked and maintained the fences enclosing the pasture where

the cattle were located, including periodic visual inspections as he drove along U.S. 52; and that the fences were in good repair the afternoon of the accident. This evidence rebutted the presumption of negligence raised under R.C. 951.02. However, it did not necessarily follow that there is no genuine issue of fact in this case.

There is evidence of negligence even without the benefit of the rebuttable presumption under R.C. 951.02. In his deposition, Lewis Essman indicated that there was a prior incident that occurred when a cow escaped from his property but that he did not know the details because the insurance company had handled the claim. Moreover, Essman testified that, as a general rule, he would usually do an inspection in the springtime, although he was unable to recall the last time he had walked his fence to do an inspection. The accident in this case occurred in November. He also testified that U.S. 52 has a higher elevation than the actual fence line enclosing his pasture and that there would be weeds along the fence line. In addition, Essman thought that his fencing was less than twenty years old, but he was not sure.[2] Appellants referred to this evidence in their memorandum opposing summary judgment.

These facts create a genuine issue concerning appellees' exercise of ordinary care in maintaining the fence to secure their livestock. In light of the prior incident of escape, reasonable minds could differ whether Essman's yearly inspection, and inspections as he drove along U.S. 52, were sufficient to meet his duty of ordinary care to prevent his livestock from escaping onto a public highway. See, generally, *Nevious v. Bauer* (1996), 281 Ill.App.3d 911, 217 Ill.Dec. 681, 667 N.E.2d 1074 (defendant's own testimony created issue of fact as to due care in maintaining fence line). Thus, although Essman's affidavit negated the statutory presumption under R.C. 951.02, it created a genuine issue of fact concerning due care. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are all jury functions. *Mastandrea v. Lorain Journal Co.* (1989), 65 Ohio App.3d 221, 583 N.E.2d 984. State Farm's assignment of error is sustained because the evidence presented creates a genuine issue of material fact.

The Horsleys' somewhat novel assignment of error is rendered moot.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, P.J., and KLINE, J., concur.

---

**2.** The parties stipulated by an agreed entry that the depositions filed in the original action were deemed to have been refiled in the subsequent action and are thus part of the record.