OPINION
{¶ 1} On November 1, 1999, Masiongale Electrical-Mechanical, Inc. ("Masion-gale") filed a complaint in the Franklin County Court of Common Pleas against Construction One, Inc. ("Construction One"), asserting claims for breach of contract, wrongful withholding, unjust enrichment, and conversion. Construction One filed a motion to dismiss the unjust enrichment and conversion claims. Construction One filed an amended answer and a counterclaim for breach of contract.
{¶ 2} The lawsuit arose out of a construction project in Indiana for which Construction One was the general contractor. Construction One entered into a subcontractor agreement with Masiongale, whereby Masiongale was to provide labor, materials and equipment for completion of HVAC, electrical and plumbing work. Masiongale's work was completed by the end of September 1997. Masiongale asserted that it properly performed the work under the contract and that Construction One breached the contract by failing to pay Masiongale. Construction One claimed that Masiongale breached the contract by failing to properly staff the project and by failing to timely and adequately perform the work. In addition, Construction One claimed Masiongale breached certain contractual provisions by filing a mechanic's lien on the project and by filing a lawsuit in Indiana. As of the filing of the present lawsuit, Masiongale had not been paid for any of its work on the project.
{¶ 3} Eventually, all but the breach of contract claims had been dismissed. The trial court had determined by way of summary judgment that Masiongale had breached the contract by filing a lawsuit in Indiana. On April 10, 2001, the matter was referred to a magistrate for a jury-waived trial. After the trial, the parties filed briefs. On August 17, 2001, the magistrate issued his decision which included findings of fact and conclusions of law. The magistrate stated that the focus of the parties' dispute was a proposed change order seeking to impose a back charge of $7,021. The magistrate found that the total contract amount was $36,124 and that there was $774.95 in proper back charges. Therefore, the magistrate concluded that Construction One was liable to Masiongale for $35,349.05, subject to offset for Construction One's counterclaim.
{¶ 4} The magistrate concluded that under R.C. 4113.61, Masiongale was entitled to 18 percent prejudgment interest on $29,103 because Construction One had improperly withheld this amount. Such interest ran from February 28, 1998. The magistrate further concluded that Masiongale had breached the contract by filing a mechanic's lien on the project and that Construction One was entitled to damages of $4,336 which represented the premiums paid by Construction One to bond off the lien. The magistrate also found, consistent with the trial court's previous ruling, that Masiongale had breached the forum selection clause of the contract by filing the Indiana action and that Construction One was entitled to damages of $5,134 for the reasonable attorney fees expended to defend such action. The magistrate awarded Construction One ten percent prejudgment interest on the total amount of Construction One's damages, running from February 28, 2001.
{¶ 5} Both Masiongale and Construction One filed objections to the August 17, 2001 magistrate's decision.
{¶ 6} The magistrate held a separate hearing on Masiongale's claim for attorney fees. On September 19, 2001, the magistrate issued a decision finding Masiongale was entitled to attorney fees under R.C.4113.61 and awarded Masiongale $31,624.62. Construction One filed objections to the magistrate's decision on attorney fees.
{¶ 7} On December 17, 2001, the trial court rendered a decision adopting the magistrate's decisions. A judgment entry was journalized on January 22, 2002. Construction One (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
{¶ 8} "I. THE TRIAL COURT ERRED IN FINDING THAT REVISED CODE § 4113.61 IS APPLICABLE WHEN NOT SET FORTH AS A CAUSE OF ACTION BY PLAINTIFF.
{¶ 9} "II. ASSUMING A CLAIM CAN BE MADE UNDER THE PROMPT-PAYMENT ACT, THE TRIAL COURT ERRED IN FINDING THAT CONSTRUCTION ONE FAILED TO COMPLY WITH R.C. 4113.61; CONSTRUCTION ONE HAD A RIGHT TO WITHHOLD ALL PAYMENTS TO MASIONGALE.
{¶ 10} "III. EVEN ASSUMING R.C. 4113.61 DOES APPLY IN THIS ACTION, DEFENDANT IS ENTITLED TO A SET-OFF OF ITS REMEDY AGAINST PLAINTIFF'S REMEDY BEFORE ANY INTEREST IS CALCULATED.
{¶ 11} "IV. EVEN ASSUMING R.C. 4113.61 DOES APPLY IN THIS ACTION, THE TRIAL COURT ERRED IN NOT ADDRESSING MERITORIOUS OBJECTIONS PRESENTED BY CONSTRUCTION ONE CONCERNING INTEREST ACCRUAL ON DEFENDANT'S RECOVERY.
{¶ 12} "V. THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES PURSUANT TO § 4113.61 OF THE OHIO REVISED CODE."
{¶ 13} In its first assignment of error, appellant contends Masiongale (hereinafter "appellee") is not entitled remedies under R.C.4113.61, specifically, 18 percent prejudgment interest and attorney fees, because appellee did not specifically set forth R.C. 4113.61 as a "cause of action" in its complaint. Appellant raised this issue below, and the trial court found that because appellee alleged breach of contract in the complaint and because there was a valid and enforceable contract claim, R.C. 4113.61 was applicable, even though not asserted in the complaint. For the reasons that follow, we find that the trial court properly considered "claims" under R.C. 4113.61.
{¶ 14} Civ.R. 15(B) states:
{¶ 15} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. * * *"
{¶ 16} The transcripts in the record before this court do not show any objection by appellant at the trial or attorney fees hearing as to issues arising under R.C. 4113.61. In its post-trial brief, appellant did not assert that "claims" under R.C. 4113.61 were not pled. Rather, appellant argued the merits of whether or not appellee proved its case under R.C. 4113.61. It was not until its objections to the magistrate's August 17, 2001 decision did appellant raise the issue of appellee's failure to specifically plead R.C. 4113.61. Appellant did not argue that it was prejudiced by this omission.
{¶ 17} The mere fact that R.C. 4113.61 was not specifically pled in the complaint does not preclude issues thereunder being tried and/or remedies being granted pursuant to such statute. See Horsley v. Essman (2001), 145 Ohio App.3d 438, 443, footnote 1, citing Mandalaywala v. Yajnik (Feb. 13, 2001), Franklin App. No. 00AP-741. Appellant has not shown any lack of notice or that it has otherwise been prejudiced by the trying of matters relating to R.C. 4113.61. Indeed, appellant vigorously defended against appellee's claims under R.C. 4113.61.
{¶ 18} Because the record before us shows that issues arising under R.C. 4113.61 were expressly or impliedly tried by the consent of the parties, the trial court did not err in considering such issues. Accordingly, appellant's first assignment of error is overruled.
{¶ 19} In its second assignment of error, appellant contends the trial court erred in finding that appellant did not comply with R.C.4113.61. Specifically, appellant asserts that under R.C. 4113.61, it had the right to withhold the entire amount due appellee under the contract. R.C. 4113.61, known as the Prompt Payment Act, states, in pertinent part:
{¶ 20} "(A)(1) If a subcontractor * * * submits an application or request for payment or an invoice for materials to a contractor in sufficient time to allow the contractor to include the application, request, or invoice in his own pay request submitted to an owner, the contractor, within ten calendar days after receipt of payment from the owner for improvements to property, shall pay to the:
{¶ 21} "(a) Subcontractor, an amount that is equal to the percentage of completion of the subcontractor's contract allowed by the owner for the amount of labor or work performed[.]
{¶ 22} "* * *
{¶ 23} "The contractor may reduce the amount paid by any retainage provision contained in the contract, invoice, or purchase order * * * and may withhold amounts that may be necessary to resolve disputed liens or claims involving the work or labor performed or material furnished by the subcontractor * * *.
{¶ 24} "If the contractor fails to comply with division (A)(1) of this section, the contractor shall pay the subcontractor * * *, in addition to the payment due, interest in the amount of eighteen per cent per annum of the payment due, beginning on the eleventh day following the receipt of payment from the owner and ending on the date of full payment of the payment due plus interest to the subcontractor * * *.
{¶ 25} "* * *
{¶ 26} "(B)(1) * * * If the court finds in the civil action that a contractor * * * has not made payment in compliance with [(A)(1)], the court shall award the interest specified * * *, in addition to the amount due. Except as provided in division (B)(3) of this section, the court shall award the prevailing party reasonable attorney fees and court costs." (Emphasis added.)
{¶ 27} The only issue before this court is the meaning of the words emphasized above; specifically, the provision in R.C. 4113.61(A)(1) that allows a contractor to withhold amounts that "may be necessary to resolve disputed liens or claims involving work or labor performed or material furnished by the subcontractor." The trial court found that appellant rightfully withheld $7,021, the amount relating to disputed back charges. Appellant contends that R.C. 4113.61 allows a contractor to withhold amounts necessary to resolve other disputes. Specifically, appellant asserts it properly withheld amounts relating to the cost of bonding off a mechanic's lien that appellee had wrongfully placed on the job and the potential cost of defending the Indiana lawsuit.
{¶ 28} Appellant argues that the mechanic's lien and the Indiana lawsuit both constituted breaches by appellee and, therefore, were "disputes" under R.C. 4113.61(A)(1) for which appellant could rightfully withhold amounts necessary to resolve such disputes. Under appellant's calculations, the amounts allegedly necessary to resolve these "disputes" justified it withholding the entire amount due appellee. We conclude, as a matter of law, that R.C. 4113.61(A)(1) does not allow a withholding for actual or potential litigation costs or for premiums paid to bond off mechanic's liens.
{¶ 29} Under the words used in the pertinent portions of R.C.4113.61(A)(1), the emphasis is on payment for "labor or work performed." Indeed, R.C. 4113.61(A)(1) specifically states that the contractor may withhold amounts that may be necessary to resolve disputed liens or claims involving the work or labor performed. Admittedly, what could be argued as being "necessary to resolve disputed liens or claims" is potentially infinite. Clearly, the legislature did not intend such a broad reading of the statute.
{¶ 30} The intent of the Prompt Payment Act is exactly that — to encourage contractors to promptly pay their subcontractors. The statute recognizes, however, that disputes do arise over such things as the quality of the work performed or materials used. Therefore, the legislature provided for the withholding of amounts related to such disputes. Balancing these two interests, we believe the proper interpretation of the statute is that a contractor may withhold amounts that are directly related to alleged faulty work, labor or materials. Ancillary costs that may arise as a result of such disputes, such as actual or potential litigation costs, cannot be withheld, as these costs are seldom definite and, more often than not (and certainly in the case of potential litigation costs), will greatly exceed the direct amounts disputed.
{¶ 31} Thus, we conclude that only direct, tangible amounts relating to disputes involving alleged faulty labor, work or materials are retainable by the contractor under R.C. 4113.61(A)(1). Hence, the trial court did not err in concluding that appellant improperly withheld amounts relating to the premiums paid to bond off the mechanic's lien and the alleged cost or potential cost of litigating the Indiana lawsuit. Accordingly, appellant's second assignment of error is overruled.
{¶ 32} In its third assignment of error, appellant asserts it was entitled to a set off of the damages awarded to it from the damages awarded to appellee prior to any interest being calculated. Appellee was awarded $35,349.35 with 18 percent interest running from February 1998. Appellant was awarded $9,470. Appellant argues that the 18 percent interest should be applied to the net of the two judgments and not to the gross amount awarded appellee. However, appellant is incorrect to the extent it asserts that the 18 percent interest awarded appellee was applied to appellee's gross award. It was not.
{¶ 33} It is clear that the 18 percent interest awarded appellee was applied to the amount found to be wrongfully withheld from appellee. This amount was $29,103 and it was upon this figure that the 18 percent interest was applied. Again, the pertinent portion of R.C. 4113.61(A)(1) states:
{¶ 34} "If the contractor fails to comply with division (A)(1) of this section, the contractor shall pay the subcontractor * * *, in addition to the payment due, interest in the amount of eighteen per cent per annum of the payment due * * *." (Emphasis added.)
{¶ 35} Under R.C. 4113.61(A)(1), the "payment due" is, at the very least, the amount the contractor should have paid the subcontractor minus any amount rightfully withheld under the statute. Under the plain words of the statute, the 18 percent interest is on this "payment due" which, in the case at bar, was $29,103. The trial court did not err in awarding 18 percent interest on that amount.
{¶ 36} Accordingly, appellant's third assignment of error is overruled.
{¶ 37} In its fourth assignment of error, appellant takes issue with the date the magistrate and trial court determined appellant's interest would run. As indicated above, appellant was awarded $9,470 on its breach of contract claim, representing $5,134 for the cost of defending the Indiana lawsuit and $4,336 for premiums paid to bond off the mechanic's lien. Appellant was awarded 10 percent prejudgment interest, per annum, on the total amount, running from February 28, 2001 through August 17, 2001. The magistrate concluded that appellant was entitled to prejudgment interest beginning on February 28, 2001 because this was the last date that the bond covering the mechanic's lien was renewed and, according to the magistrate, was the date appellant's damages claim was complete.
{¶ 38} Appellant complains about the February 28, 2001 accrual date for interest because the legal fees for the Indiana case were expended in 1999 and because appellant paid $1,084 each year for the years 1998, 1999, 2000 and 2001 to bond off the mechanic's lien. Hence, appellant argues the magistrate and trial court erred in delaying the interest accrual date to February 28, 2001.
{¶ 39} R.C. 1343.03(A) addresses prejudgment interest and states:
{¶ 40} " * * * [W]hen money becomes due and payable upon any * * * instrument of writing, * * * the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." (Emphasis added.)
{¶ 41} The damages awarded to appellant in the case at bar did not constitute money that became "due and payable" to a creditor under a written contract as is contemplated under R.C. 1343.03(A) and for which ten percent prejudgment interest is available. Appellant's damages, although certainly awardable due to appellee's breach of certain contract provisions, did not stem from "money [that was] * * * due and payable" under the contract. Rather, appellee's damages, which represented the contract amount for work performed thereunder, were amounts directly due and payable under the contract.
{¶ 42} The damages awarded appellant, on the other hand, did not represent money appellant was due under the contract — it was appellant's own money that appellant expended as a result of appellee's breach. While certainly such amount could be recovered by appellant as damages, it was not money that was directly due and payable under the contract, which is the type of money upon which interest is allowed under R.C. 1343.03(A).
{¶ 43} Appellee did not appeal the granting of prejudgment interest to appellant. Therefore, we will not disturb the trial court's award of such. However, because prejudgment interest pursuant to R.C.1343.03(A) was not appropriate as to appellant's damages, we cannot find error in the accrual date set for such interest. For this reason, appellant's fourth assignment of error is overruled.
{¶ 44} In its fifth and final assignment of error, appellant contends the trial court erred in awarding appellee attorney fees under R.C. 4113.61. R.C. 4113.61(B)(1) states:
{¶ 45} "(B)(1) If a contractor * * * has not made payment in compliance with division (A)(1) * * * of this section within thirty days after payment is due, a subcontractor * * * may file a civil action to recover the amount due plus the interest provided in those divisions. * * * Except as provided in division (B)(3) of this section, the court shall award the prevailing party reasonable attorney fees and court costs.
{¶ 46} "(2) In making a determination to award attorney fees under division (B)(1) of this section, the court shall consider all relevant factors, including but not limited to the following:
{¶ 47} "(a) The presence or absence of good faith allegations or defenses asserted by the parties;
{¶ 48} "(b) The proportion of the amount of recovery as it relates to the amount demanded;
{¶ 49} "(c) The nature of the services rendered and the time expended in rendering the services.
{¶ 50} "(3) The court shall not award attorney fees under division (B)(1) of this section if the court determines, following a hearing on the payment of attorney fees, that the payment of attorney fees to the prevailing party would be inequitable."
{¶ 51} Appellant's first argument is that attorney fees were improper because it did not fail to make payment in compliance with R.C.4113.61(A)(1). However, this court has already affirmed the trial court's determination that appellant did fail to comply with R.C.4113.61(A)(1) in that appellant wrongfully withheld most of the amount due appellee under the contract. Hence, appellant's argument in this regard is not well-taken.
{¶ 52} Appellant also asserts that the trial court erred in assessing the good faith allegations/defenses factor set forth in R.C.4113.61(B)(2)(a) as of the time the work was completed as opposed to at the time appellant was paid by the owner. First, we note that R.C.4113.61(B)(2)(a) is silent as to when the analysis of the existence of good faith allegations/defenses should begin. Hence, it is reasonable to conclude that the analysis should be performed on a case-by-case basis, and there is no set point in time under which the analysis can begin.
{¶ 53} At the attorney fees hearing, the magistrate took in evidence of appellant's reasons for not paying appellee after appellee had completed its work and why appellant did not pay appellee after having offered appellee $29,103. The magistrate found that appellant, in good faith, had withheld $7,021, and the magistrate reduced the attorney fees requested to reflect this proper withholding. The magistrate then went on to discuss the evidence regarding appellant's reasons for withholding the $29,103 appellant had offered to pay appellee. The magistrate rejected appellant's argument that these reasons constituted good faith allegations or defenses. The magistrate stated that it was the withholding of the $29,103 that gave rise to litigation and, therefore, it would be unfair to allow the litigation to justify withholding payment.
{¶ 54} Appellant takes issue with the magistrate's statement that the good faith allegations/defenses factor must be assessed at the time appellee completed its work on the project. Appellant asserts that the determination should begin as of the time appellant was paid by the owner. Again, R.C. 4113.61(B)(2)(a) sets no parameters in this regard. However, we note that the magistrate did discuss appellant's bases for withholding the full amount after it was paid by the owner. Indeed, the magistrate concluded that appellant rightfully withheld $7,021. In essence, the magistrate rejected appellant's reasons for withholding the entire amount. Clearly, the magistrate considered appellant's allegations/defenses asserted at the time appellant had been paid by the owner.
{¶ 55} Indeed, the magistrate's decision as a whole shows that the magistrate had before it all the evidence on what occurred in this case — at all relevant points in time. The magistrate determined which of appellant's assertions were acceptable and which were not, and he adjusted the attorney fees award accordingly. We can find no error in such a determination, and the trial court did not err in adopting such determination. Therefore, appellant's argument in this regard is not well-taken.
{¶ 56} Appellant next contends that the trial court erred in concluding appellee was entitled to 98 percent of its asserted claim. This determination goes to the factor in R.C. 4113.61(B)(2)(b) regarding the proportion of the amount of recovery as related to the amount demanded. Appellee demanded $36,124, the total contract amount, and was awarded $35,349.05. The magistrate found that even after the amount of damages awarded to appellant were offset, appellee's recovery was still a significant proportion of the amount appellee had demanded. Indeed, the net judgment for appellee was approximately 75 percent of what it had demanded.
{¶ 57} The magistrate clearly took into consideration both the gross judgment and the net judgment as each related to the amount demanded. The magistrate did not err (nor did the trial court in adopting the magistrate's decision) in concluding that the factor in R.C. 4113.61(B)(2)(b) weighed in favor of granting appellee attorney fees.
{¶ 58} R.C. 4113.61(B)(3) is a catch-all provision which states that attorney fees must not be awarded if the trial court determines that such would be inequitable. Appellant asserts the attorney fees award here was inequitable because it had a right to withhold back charges, amounts necessary to resolve a pending lien, and costs associated with the Indiana litigation. In addition, appellant argues that it prevailed on its counterclaim as well as with issues relating to the back charges.
{¶ 59} Given the facts of this case, however, this court cannot reverse the trial court's award of attorney fees on the basis of inequity. As the magistrate concluded, appellant wrongfully withheld a significant amount of money from appellee after it had already agreed, in essence, that it owed appellee such amount. Appellant's erroneous belief that it could rightfully withhold the entire amount has already been addressed both below and on appeal. As to appellant's success on its counterclaim, this must be weighed against all of the underlying facts, including what gave rise to appellee's actions, which were later found to be breaches.
{¶ 60} Attorney fees were not granted to appellee for the Indiana litigation. The magistrate's award, adopted by the trial court, was based on very specific information and included deductions for fees spent on appellee's unsuccessful claims and motions and a 19.44 percent deduction due to appellant's good faith dispute. Given all the evidence and circumstances of this case, the attorney fees award was not inequitable.
{¶ 61} For all of the above reasons, the trial court did not err in granting appellee attorney fees. Accordingly, appellant's fifth assignment of error is overruled.
{¶ 62} In summary, each of appellant's assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is, therefore, affirmed.
Judgment affirmed.
DESHLER and PETREE, JJ., concur.