OPINION
{¶ 1} Defendant Gail Ann Bartok appeals a judgment of the Ashland Municipal Court which found her guilty of violating R.C. 951.02, permitting her pig to run at large. Appellant assigns four errors to the trial court:
 {¶ 2} "I. MISAPPLICATION OF LAW TO FACTS.
 {¶ 3} "II. VERDICT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 4} "III. JUDGE FRIDLINE'S REFUSAL TO PROPERLY INSTRUCT THE JURY (PREJUDICIAL ERROR).
 {¶ 5} "IV. IMPROPER FINAL STATEMENT TO THE JURY BY SPECIAL PROSECUTOR DAVE HUNTER."
 {¶ 6} The matter was tried to a jury. The State presented evidence appellant's pig was loose on another person's property, and caused damage to the property. Appellant requested the court give an instruction to the jury regarding the difference between ordinary care and strict liability. The court refused to give the jury instruction, finding R.C. 951.02 is a strict liability offense.
 I III {¶ 7} Appellant argues in her first assignment of error the court erred as a matter of law in finding R.C. 951.02 is a strict liability offense. Appellant's third assignment of error argues the court erred in not instructing the jury on ordinary care.
 {¶ 8} R.C. 2901.21 (B) states "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in this section, then culpability is not required for a person to be guilty of the offense. When this section neither specifies culpability *Page 3 
nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."
 {¶ 9} In Rayner v. Lowe (1989), 60 Ohio App.3d 3, 572 N.E.2d 245 this court examined a case where Lowe's cows trespassed in Rayner's cornfield. We found R.C. 951.02 does not impose strict liability on an owner of an animal running at large, citing Burnett v. Rice (1988), 39 Ohio St.3d 44, 529 N.E.2d 203. However, if the owner of an animal is found to have violated R.C. 951.02, the owner is strictly liable for any damages the animal has caused, and cannot raise contributory negligence or failure to mitigate.
 {¶ 10} We find the trial court erred as a matter of law in determining R.C. 951.02 is a strict liability offense, and in not instructing the jury accordingly. The first and third assignments of error are sustained.
 II {¶ 11} Appellant's second assignment of error urges the jury's verdict was against the manifest weight of the evidence because the jury was not properly instructed regarding the law it should apply to the evidence presented. In light of our ruling in I III supra, the second assignment of error is premature.
 IV. {¶ 12} The parties submitted an agreed statement of the case pursuant to App. R. 9. It states "* * * 3. Prosecutor Hunter stated in his closing argument that he did not want the jury to even consider ordinary care because it did not matter. The only thing you need to consider is the fact that the pig was loose, the pig belonged to the Bartoks, and the pig was on the neighbor's property.' " Appellant urges this statement was not a *Page 4 
correct statement of law and constituted prosecutorial misconduct. While we agree the prosecutor misstated Ohio law, we find he did not commit misconduct because his remarks were based on the trial court's rulings.
 {¶ 13} The fourth assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Ashland Municipal Court is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.
 HON. W. SCOTT GWIN, HON. WILLIAM B. HOFFMAN, HON. JULIE A. EDWARDS *Page 1