OPINION *Page 2 
{¶ 1} On November 30, 2006, appellant, Gail Ann Bartok, was cited for permitting her pigs to run at large in violation of R.C. 951.02. A jury trial commenced on March 8, 2007. The jury found appellant guilty as charged. By judgment order filed April 3, 2007, the trial court sentenced appellant to thirty days in jail.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "MISAPPLICATION OF STANDARD OF CARE REQUIRED FOR CONVICTION."
 II {¶ 4} "VIOLATION OF DUE PROCESS DUE TO MISAPPLICATION STATED IN NUMBER 1 ABOVE."
 III {¶ 5} "JURY INSTRUCTIONS."
 IV {¶ 6} "SUSTAINING MOTIONS BY THE PROSECUTOR DENYING DEFENDANT'S ATTEMPTS TO ESTABLISH MOTIVE ON THE PART OF PLAINTIFF FOR BRINGING ACTION."
 I, II, III {¶ 7} Appellant challenges the trial court's decision on the requisite culpable mental state required for a conviction of R.C. 951.02. Subsequent to appellee's brief *Page 3 
being filed, this court granted appellant's motion to supplement the record with a transcript of the proceedings. See, Judgment Entry filed March 11, 2008.
 {¶ 8} Appellant was convicted of violating R.C. 951.02 which states the following:
 {¶ 9} "No person, who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, or geese, shall permit them to run at large in the public road, highway, street, lane, or alley, or upon unenclosed land, or cause such animals to be herded, kept, or detained for the purpose of grazing on premises other than those owned or lawfully occupied by the owner or keeper of such animals.
 {¶ 10} "The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section."
 {¶ 11} Appellant argues the requisite culpable mental state is ordinary care/negligence. Given this court's decision in State v.Bartok, Ashland App. No. 2006-COA-026 2006-COA-028, 2007-Ohio-3425, ¶ 8-9, filed July 3, 2007, some four months after the trial sub judice, we find the requisite culpable mental state to be "recklessness":
 {¶ 12} "R.C. 2901.21 (B) states `When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in this section, then culpability is not required for a person to be guilty of the offense. When this section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.' *Page 4 
 {¶ 13} "In Rayner v. Lowe (1989), 60 Ohio App.3d 3, 572 N.E.2d 245
this court examined a case where Lowe's cows trespassed in Rayner's cornfield. We found R.C. 951.02 does not impose strict liability on an owner of an animal running at large, citing Burnett v. Rice (1988), 39 Ohio St.3d 44, 529 N.E.2d 203. However, if the owner of an animal is found to have violated R.C. 951.02, the owner is strictly liable for any damages the animal has caused, and cannot raise contributory negligence or failure to mitigate."
 {¶ 14} We acknowledge the trial court did not have the benefit of this decision when it tried the case sub judice and instructed the jury on strict liability. T. at 107-108. However, given the fact this appeal is governed by the law now in existence in this district, we reverse and remand for a new trial.
 {¶ 15} Assignments of Error I, II, and III are granted.
 IV {¶ 16} Given our decision supra, this assignment is moot. *Page 5 
 {¶ 17} The judgment of the Municipal Court of Ashland County, Ohio is hereby reversed and remanded.
 Farmer, J., Hoffman, P.J., and Gwin, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1